## Isaiah Paul DELAO, Appellant

v.

## The STATE of Texas.

### No. PD–067–07.

Court of Criminal Appeals of Texas.

Sept. 26, 2007.

---

Richard G. Ferguson, Waco, for appellant.

Christy Barber, Asst. D.A., Waco, Matthew Paul, State's Attorney, Austin, for state.

## OPINION

MEYERS, J., delivered the opinion for a unanimous Court.

Appellant, Isaiah Paul Delao, was convicted of capital murder and sentenced to life in prison. Tex. Penal Code Ann. § 19.03(2) (Vernon 2003). Appellant appealed the trial court's ruling that his confession was given voluntarily and the court's decision to admit the videotape of the confession. The court of appeals considered the totality of the circumstances and held that the confession was voluntarily made and that the trial court did not abuse its discretion in admitting the videotaped confession into evidence. *Delao v. State,* No. 10–05–00323–CR, 2006 WL 3317718, 2006 Tex.App. LEXIS 9995 (Tex. App.-Waco Nov. 15, 2006) (mem. op., not designated for publication). In a single point of error, Appellant asks us to determine whether the voluntariness of a confession given by a mentally retarded and mentally ill person can be assessed under the same standard as that used for a person of normal mentality. We hold that the totality of the circumstances standard of review applied by the court of appeals is appropriate for persons of all mentalities and that the court of appeals properly evaluated the voluntariness of Appellant's confession. Accordingly, we will affirm the decision of the court of appeals.

## FACTS AND PROCEDURAL HISTORY

The victim died from a gunshot wound he received during a robbery of a bar. An eyewitness to the robbery identified Appellant as the suspect from a photographic lineup. Shortly thereafter, Appellant agreed to accompany two police officers to the station for questioning. Detective John Rozyskie conducted the interview with Appellant, which was approximately an hour in duration and was entirely recorded on DVD. After Appellant informed the detective that he was on medication, had difficulty reading, that he was an

"MHMR"[1] patient, and that he desired the attendance of his MHMR counselor, Rozyskie continued the remainder of the questioning in the presence of Appellant's MHMR counselor, Floyd Harrison. Rozyskie asked appellant questions about his background, his education, and his family members. Appellant was able to quickly give appropriate responses to questions, including the names, ages, and occupations of his siblings, the ages of his nieces and nephews, and the name and age of his daughter. Appellant also told Rozyskie the amount of his monthly social security check, how much he pays in child support each month, and that he had recently made his last payment to pay the $3000 he owed to his attorney.

During the course of the interview, Appellant made various comments that he now contends indicated his desire to exercise his right to terminate the questioning. Near the conclusion of the questioning, however, Appellant made statements which amounted to a confession to the crime. After his arrest, Appellant filed a pretrial motion to suppress his confession, alleging that it was involuntarily given because of his mental disabilities, police coercion and duress, and because his efforts to terminate the interview were ignored. At a hearing outside the presence of the jury, the trial court viewed the DVD recordings of the interview and listened to the testimony of Rozyskie offered by the State. Appellant neither produced any evidence nor cross-examined Rozyskie. The trial court denied Appellant's motion to suppress the confession and dictated its findings into the record, namely that the confession was "freely and voluntarily given." *Delao*, 2006 WL 3317718 at *1, 2006 Tex. App. LEXIS 9995 at *2.

The recorded confession was admitted into evidence and played for the jury at trial. Appellant then produced expert testimony intended to show that Appellant's confession was likely involuntarily made, as Appellant was supposedly unable to fully understand his legal rights and is more susceptible to coercion and persuasion because of his mental disabilities. Later, the trial court instructed the members of the jury not to consider the recordings of Appellant's confession for any reason if they believed beyond a reasonable doubt that he did not voluntarily issue the statements.[2] The jury returned a verdict of guilty, and Appellant received the statutory sentence of life imprisonment.

On appeal, the court of appeals ultimately held that "under the totality of the circumstances, and viewed in the light most favorable to the trial court's ruling, the court did not abuse its discretion by finding that [Appellant's] confession was voluntary." *Delao*, 2006 WL 3317718, at *5, 2006 Tex.App. LEXIS 9995, at *11. To reach this conclusion, the court of appeals analyzed a number of issues, including: Appellant's diminished mental capacities;[3]

1. "MHMR" refers to the Texas Department of Mental Health and Mental Retardation, which ceased operations September 1, 2004. Services performed by MHMR are now offered by the Texas Department of State Health Services and the Texas Department of Aging and Disability Services.

2. Appellant did not object at trial, and he does not complain on appeal, that the placement on him of the burden to show involuntariness was inconsistent with Article 38.22, section 6, of the Code of Criminal Procedure, which states that "the jury ... shall be instructed that unless the jury believes beyond a reasonable doubt that the statement was voluntarily made, the jury shall not consider such statement for any purpose nor any evidence obtained as a result thereof."

3. *See Delao*, 2006 WL 3317718, at *3, 2006 Tex.App. LEXIS 9995, at *5 (determining that Appellant's mental disabilities are not so severe that he could not comprehend the nature and significance of his confession).

the coerciveness of the interrogation;[4] and Appellant's right to terminate the interview at will.[5] Importantly, the court of appeals determined that the statements made by Appellant during the questioning, supposedly indicating his desire to end the questioning, were merely reflective of his wish to have additional time to think, or were simply inquiries as to whether he would be permitted to leave the police station if he confessed to the crime. *See id.* at *5, 2006 Tex.App. LEXIS 9995 *10 (stating that "[a]t most, [Appellant's] statements are ambiguous as to his desire to terminate the interview"). The court of appeals agreed with the trial court that after consideration of these factors, and despite Appellant's mental encumbrances, the totality of the circumstances do not demonstrate that his confession was involuntarily given. *Id.* at *5, 2006 Tex.App. LEXIS 9995 *10. Accordingly, the court of appeals declined to hold that the trial court abused its discretion in declaring the Appellant's statements to be voluntary, and upheld the trial court's decision to deny Appellant's motion to suppress evidence of the confession.

Appellant filed a petition for discretionary review, asking us to determine whether the voluntariness of a confession of a mentally retarded and mentally ill person can be assessed under the same standard as that used for a person of normal mentality. Appellant contends that the court of appeals erred in its analysis by gauging the voluntariness of his confession as though he had the cognitive capacity of a normal person.

## DISCUSSION

### Standard of Review

■ We have held that the trial court is the "sole and exclusive trier of fact and judge of the credibility of the witnesses" and the evidence presented at a hearing on a motion to suppress,[6] particularly where the motion is based on the voluntariness of a confession.[7] Additionally, given this vital role, great deference is accorded to the trial court's decision to admit or exclude such evidence, which will be overturned on appeal only where a flagrant abuse of discretion is shown.[8] In this case, therefore,

---

4. *See id.* at *3–4, 2006 Tex.App. LEXIS 9995 at *6–8 (finding that Detective Rozyskie's interrogation methods were not so coercive as to overcome Appellant's free will).

5. *See id.* at *4–5, 2006 Tex.App. LEXIS 9995 *8–10 (noting that Appellant was not under arrest at the time of the interview and deciding that he failed to unambiguously state that he desired to terminate the questioning).

6. *Green v. State,* 934 S.W.2d 92, 98 (Tex.Crim. App.1996); *Romero v. State,* 800 S.W.2d 539, 543 (Tex.Crim.App.1990); *Cannon v. State,* 691 S.W.2d 664, 673 (Tex.Crim.App.1985); *Dykes v. State,* 657 S.W.2d 796, 797 (Tex. Crim.App.1983); *Hawkins v. State,* 628 S.W.2d 71, 75 (Tex.Crim.App.1982); *Rumbaugh v. State,* 629 S.W.2d 747, 752 (Tex. Crim.App.1982); *Green v. State,* 615 S.W.2d 700, 707 (Tex.Crim.App.1981); *Moon v. State,* 607 S.W.2d 569, 570 (Tex.Crim.App.1980); *English v. State,* 592 S.W.2d 949, 952 (Tex. Crim.App.1980).

7. *See Green,* 934 S.W.2d at 98–99 (stating that, in the context of determining the voluntariness of a confession, the trial court is the sole fact finder and may elect to "believe or disbelieve any or all" of the evidence presented at a hearing on a motion to suppress); *Alvarado v. State,* 912 S.W.2d 199, 211 (Tex. Crim.App.1995) (asserting that at a hearing on a motion to suppress a confession, "the trial court is the sole judge of the weight and credibility of the evidence"); *Bizzarri v. State,* 492 S.W.2d 944, 946 (Tex.Crim.App.1973) (contending that whether the accused "had the mental competency or intelligence required to waive her rights," and thus whether her confession was voluntary, "was a question for the court").

8. *Montanez v. State,* 195 S.W.3d 101, 106 (Tex.Crim.App.2006); *Guzman v. State,* 955 S.W.2d 85, 89 (Tex.Crim.App.1997); *Alvarado,* 912 S.W.2d at 211.

we will not disturb the determination of the court of appeals that the trial court did not abuse its discretion by admitting Appellant's confession, provided that the court of appeals properly applied the appropriate standard in arriving at this result.

### Totality of the Circumstances

■ Article 38.21 of the Texas Code of Criminal Procedure provides that the statements of a person accused of a crime "may be used in evidence against him if it appears that the same w[ere] freely and voluntarily made without compulsion or persuasion." TEX.CRIM. PROC.CODE ANN. § 38.21 (Vernon 2005). The United States Supreme Court has held that the determination as to whether a confession was voluntarily rendered must be analyzed by examining the totality of the circumstances. *Arizona v. Fulminante,* 499 U.S. 279, 285–86, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991). While in *Arizona v. Fulminante* the Supreme Court affirmed that the totality-of-the-circumstances standard is applicable to confessions given by adults, the Court has also extended this measure of review to encompass juveniles. *See Fare v. Michael C.,* 442 U.S. 707, 725, 99 S.Ct. 2560, 61 L.Ed.2d 197 (1979) (holding that the "totality-of-the-circumstances approach is adequate to determine whether there has been a waiver even where interrogation of juveniles is involved"). In *Fare,* the Court explained that it could see no reason why any other standard would be more appropriate, considering that "[t]he totality approach ... mandates inquiry into all the circum-

stances surrounding the interrogation[,] includ[ing] evaluation of the juvenile's age, experience, education, background, and intelligence, and into whether he has the capacity to understand the warnings given him." *Fare,* 442 U.S. at 725, 99 S.Ct. 2560.

In Texas, it is well established that confessions given by adults are to be evaluated with the totality of the circumstances standard.[9] Following the Supreme Court's lead in *Fare,* Texas courts have also recognized that the totality-of-the-circumstances standard is sufficiently broad to cover juveniles who, because of their minority, lack of education, lesser reasoning capacity, etc., may be more susceptible to persuasion or underhanded interrogation tactics. *See Griffin v. State,* 765 S.W.2d 422, 427 (Tex.Crim.App.1989) (affirming the judgment of a trial court that a juvenile appellant's confession was voluntary under the totality of the circumstances); *In Interest of R.D.,* 627 S.W.2d 803, 807 (Tex.App.-Tyler 1982, no writ) (analyzing a juvenile appellant's confession based on the totality of the circumstances in which the statements were made).

Juveniles and individuals suffering from mental retardation or mental illness share many of the same characteristics: both commonly have less education, experience, self-sufficiency, reasoning abilities, etc. than that of the average adult. Therefore, it seems logical that a standard considered sufficiently all-encompassing to factor in the disabilities of a confessing minor would also be the appropriate standard when the confessor is mentally retarded or mentally ill. We have proceeded accordingly, con-

---

**9.** *See Creager v. State,* 952 S.W.2d 852, 855 (Tex.Crim.App.1997) (contending that "[v]oluntariness is decided by considering the totality of the circumstances under which the statement was obtained"); *Green,* 934 S.W.2d at 99 (asserting that a confession will be rendered forced or involuntary "if the totality of

the circumstances demonstrates that the confessor did not make the decision to confess of his own free will"); *Kearney v. State,* 181 S.W.3d 438, 444 (Tex.App.-Waco 2005, pet. ref'd) (stating that "[v]oluntariness [of a confession] is determined by looking at the totality of the circumstances").

cluding that an accused's mentality is but one factor among many to consider when evaluating the voluntariness of a confession. *See Bizzarri*, 492 S.W.2d at 946 (stating that while evidence demonstrating an individual's diminished mentality would have some bearing on whether her confession is admissible, it is merely a "fact . . . to be considered," but is not conclusive of involuntariness).[10]

In the case before us, the court of appeals reached the conclusion that Appellant's confession was voluntarily rendered under the totality of the circumstances after reviewing the entire record. *Delao*, 2006 WL 3317718, at *5, 2006 Tex.App. LEXIS 9995, at *11. To form this opinion, the court of appeals evaluated several factors which Appellant claims indicate that he did not make the incriminating statements of his own free will. Specifically, the court of appeals found that Appellant's "mental impairments are [not] of such great severity that he was 'incapable of understanding the meaning and effect of his confession'," based on the fact that numerous other confessions by similarly situated persons have been deemed voluntary by Texas courts. *See generally Delao*, 2006 WL 3317718 at *2, 2006 Tex.App. LEXIS 9995 at *4–5 (recounting several decisions of this Court and other Texas courts wherein the confession of a mentally retarded person was held to have been voluntary).

The court of appeals also examined the record to investigate Appellant's contention that his confession was involuntary because the interrogation was unduly coer-cive. The court discussed a litany of factors relevant to this allegation, including: certain misrepresentations made to Appellant by the investigating officer; the duration of the interview; the fact that Appellant's MHMR counselor was permitted to be present in the room during questioning; and the lack of any physical violence, and ultimately decided that "the record lacks evidence that [Appellant's] will was overborne." *Delao*, 2006 WL 3317718 at *4, 2006 Tex.App. LEXIS 9995 at *8.

Finally, the court of appeals looked into Appellant's claim that his attempts to exercise his constitutional rights to terminate the interview at will were ignored. Examining Appellant's recorded confession and the transcript of that interaction, among the rest of the evidence and testimony present in the record, the court determined that the statements made by Appellant during questioning, and upon which he is now relying, "more accurately reflect a desire to have time to formulate answers or [pose] an inquiry as to whether he would be allowed to go home if he confessed rather than [form] a request to terminate the interview." *Delao*, 2006 WL 3317718 at *5, 2006 Tex.App. LEXIS 9995 at *10.

With all of these considerations taken together, the court of appeals followed *Bizzarri* and affirmed the decision of the trial court. *Bizzarri*, 492 S.W.2d at 946 (holding that "[w]hether [an] appellant had the mental competency or intelligence required to waive [his] rights was for the court and jury" to determine.) In this

---

10. *See also Dollgener v. State*, No. 10–01–363–CR, 2003 WL 21404069 at *1, 2003 Tex.App. LEXIS 5163 at *1 (Tex.App.-Waco Jun. 18, 2003, pet. ref'd) (not designated for publication) (declaring that "[e]vidence of mental retardation and mental impairment is a factor to be considered by the court in determining from the totality of the circumstances whether the accused voluntarily and knowingly waived his rights prior to confessing"); *Harner v. State*, 997 S.W.2d 695, 699 (Tex.App.-Texarkana 1999, no pet.); *Weatherford v. State*, No. 12–00–00329–CR, 2002 WL 59336, at *5 (Tex. App.-Tyler Jan. 9, 2002, no pet.) (not designated for publication).

instance, both the trial court and the jury concluded that Appellant's confession was voluntary.[11] The court of appeals confirmed that, under the totality of the circumstances, the statements were not made against Appellant's will and, therefore, the trial court did not abuse its discretion in admitting the evidence of Appellant's confession.

We are not being asked to determine whether Appellant's confession was voluntary. Rather, we decide only whether the totality of the circumstances standard of review for evaluating the voluntariness of confessions applies equally to persons of all levels of mental capacity. We conclude that it does. The totality of the circumstances standard has been held to be sufficiently all-encompassing to protect the rights of juveniles and adults alike,[12] taking into account such factors as intelligence, age, experience, education, maturity, etc. Because a confessor's mental capabilities are but one factor to be evaluated among many, this measure of voluntariness may be applicable to confessions made by anyone, no matter what their IQ happens to be.

## CONCLUSION

We hold that the totality of the circumstances standard for assessing the voluntariness of a confession given by a person of normal mentality is also the appropriate standard to apply when a confession is made by someone suffering from mental retardation and mental illness. Because the court of appeals included Appellant's mental disabilities among the many factors it considered when analyzing the totality of

the circumstances surrounding Appellant's confession, we cannot say that the court of appeals applied an inappropriate standard of review, nor that it erred in confirming that the confession was voluntarily made. The decision of the court of appeals is affirmed.

the defendant, Isaiah Paul Delao, to Detective John Rozyskie was not voluntarily made."

---

**11.** It is implied that the jury determined that Appellant's confession was voluntary, considering their instruction from the trial court to wholly disregard his recorded statements if they believed "from the evidence beyond a reasonable doubt that the statement made by

**12.** *Fare v. Michael C.*, 442 U.S. at 725, 99 S.Ct. 2560; *Griffin*, 765 S.W.2d at 427; *In Interest of R.D.*, 627 S.W.2d at 807.