Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-08-00374-CR

Eduardo **CHAPA**,
Appellant

v.

**THE STATE OF TEXAS**,
Appellee

From the 341st Judicial District Court, Webb County, Texas
Trial Court No. 2008-CRN-311-D3
Honorable Elma Teresa Salinas Ender, Judge Presiding[1]

Opinion by:    Sandee Bryan Marion, Justice

Sitting:        Karen Angelini, Justice
                Sandee Bryan Marion, Justice
                Phylis J. Speedlin, Justice

Delivered and Filed:    May 20, 2009

AFFIRMED

A jury found defendant, Eduardo Chapa, guilty of murder, and assessed punishment at fifty years' confinement. In a single issue on appeal, defendant asserts the trial court erred in denying his motion to suppress his written statement. We affirm.

---

[1] Senior Judge Pat Priest, sitting by assignment, presided over the underlying criminal proceeding and denied the motion to suppress at issue in this appeal.

## BACKGROUND

On December 15, 2004, defendant was arrested and taken to the Laredo police department for questioning regarding his involvement in the murder of Abel Garza. Defendant was arrested at his uncle's house while his son and the mother of his son, Claudia Silva, were visiting. At the time of his arrest by state officers, defendant also had a federal warrant issued for his arrest in an unrelated matter. When defendant was arrested, Silva was also taken into custody. The lead investigator in the case, Edward Flores, explained that Silva was taken into custody to determine what she knew about defendant's involvement in the homicide, and because she was suspected of hindering the apprehension of a federal felon by not reporting him to the federal authorities.

When defendant arrived at the police station he was advised of his constitutional rights and Investigator Flores questioned him as to his involvement in the homicide. Defendant denied any knowledge of the murder. Defendant was confronted with evidence of his involvement in the murder, but he continued to deny any knowledge of the incident. During the interrogation, another investigator, Primo Guzman, came into the interrogation room and announced that Silva was in custody and that she could be charged with hindering the apprehension of a federal felon. Investigator Guzman then encouraged defendant to cooperate with the investigation. After the announcement regarding the potential charges against Silva and more questioning from Investigator Flores, defendant provided a written statement. The statement included a confession indicating his culpability in the murder and stating that he had shot and stabbed the victim. The defendant then provided a verbal videotaped statement confirming the written statement.

After defendant was indicted for the murder of Abel Garza, he filed a pre-trial motion to suppress the verbal and written statements he made during the interrogation on the grounds that they were not given voluntarily. Defendant argued that his statements were "coerced and induced under duress" by the investigators because the investigators told him Silva was "going to be arrested and charged even though there was no evidence against her." After a hearing, the motion to suppress was denied. A jury found defendant guilty of murder, and this appeal ensued.

**DISCUSSION**

On appeal, defendant argues the trial court erred in denying the motion to suppress his written statement because it was involuntary, and therefore inadmissible.[2] Specifically, defendant contends the investigators induced his statement "by at the very least implying, if not directly promising, that [Silva] would not be charged if he cooperate[d] by making the statement."

We review a trial court's ruling on a motion to suppress for an abuse of discretion. *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006). Determining whether a confession was voluntarily given must be analyzed by examining the totality of the circumstances. *Delao v. State*, 235 S.W.3d 235, 239 (Tex. Crim. App. 2007). "[A] confession of guilt by an accused is admissible against him when, and only when, it was freely and voluntarily made without having been induced by the expectation of any promised benefit." *Fisher v. State*, 379 S.W.2d 900, 902 (Tex. Crim. App. 1964); *see also* TEX. CODE CRIM. PROC. ANN. art. 38.21 (Vernon 2005)(providing that an accused's statement is admissible against him "if it appears that the same was freely and voluntarily made

---

[2] The videotaped statement was not admitted into evidence at trial, and therefore, its admissibility is not at issue on appeal.

without compulsion or persuasion"). However, for a promise to render a confession invalid, "the promise must be positive, made or sanctioned by someone in authority, and of such an influential nature that it would cause a defendant to speak untruthfully." *Martinez v. State*, 127 S.W.3d 792, 794 (Tex. Crim. App. 2004).

At the motion to suppress hearing, Investigator Flores testified that during the interrogation defendant was notified that Silva could be charged with hindering the apprehension of a federal felon, but he did not promise defendant any benefit in exchange for his statement. Another investigator who assisted with defendant's interrogation, Robert Garcia, also testified he did not directly or indirectly promise defendant anything in exchange for his written statement. To the contrary, defendant testified that Investigator Garcia told him during the interrogation he was going to arrest Silva and charge her with harboring a fugitive, but that he [Investigator Garcia] would make him a deal; if defendant would "just sign a paper" he would release Silva. Silva testified that when she was released from custody the investigator told her she could leave "because [defendant] signed a paper, a voluntary statement or something like that, and that [she] could leave."

"[T]he trial court is the 'sole and exclusive trier of fact and judge of the credibility of the witnesses' and the evidence presented at a hearing on a motion to suppress, particularly where the motion is based on the voluntariness of a confession." *Delao*, 235 S.W.3d at 238. Therefore, we afford great deference to the trial court's decision to admit or exclude such evidence. *Id.* In this case, both investigators denied making any promises to defendant. Determining whether defendant's statement was voluntary depends entirely on the credibility and demeanor of the witnesses. Because

we defer to the trial court's evaluation of credibility, we conclude that the trial court did not abuse its discretion in denying the motion to suppress.

## CONCLUSION

Based on the evidence in the record, we overrule defendant's issue on appeal and affirm the judgment of the trial court.

Sandee Bryan Marion, Justice

DO NOT PUBLISH