MEMORANDUM OPINION


No. 04-08-00374-CR



Eduardo CHAPA,

Appellant



v.



THE STATE OF TEXAS,

Appellee



 From the 341st Judicial District Court, Webb County, Texas 


Trial Court No. 2008-CRN-311-D3

Honorable Elma Teresa Salinas Ender, Judge Presiding (1)



Opinion by: Sandee Bryan Marion, Justice

 

Sitting: Karen Angelini, Justice

 Sandee Bryan Marion, Justice

 Phylis J. Speedlin, Justice 


Delivered and Filed: May 20, 2009


AFFIRMED



 A jury found defendant, Eduardo Chapa, guilty of murder, and assessed punishment at fifty
years' confinement. In a single issue on appeal, defendant asserts the trial court erred in denying his
motion to suppress his written statement. We affirm.


BACKGROUND

 On December 15, 2004, defendant was arrested and taken to the Laredo police department
for questioning regarding his involvement in the murder of Abel Garza. Defendant was arrested at
his uncle's house while his son and the mother of his son, Claudia Silva, were visiting. At the time
of his arrest by state officers, defendant also had a federal warrant issued for his arrest in an unrelated
matter. When defendant was arrested, Silva was also taken into custody. The lead investigator in the
case, Edward Flores, explained that Silva was taken into custody to determine what she knew about
defendant's involvement in the homicide, and because she was suspected of hindering the
apprehension of a federal felon by not reporting him to the federal authorities. 

 When defendant arrived at the police station he was advised of his constitutional rights and
Investigator Flores questioned him as to his involvement in the homicide. Defendant denied any
knowledge of the murder. Defendant was confronted with evidence of his involvement in the
murder, but he continued to deny any knowledge of the incident. During the interrogation, another
investigator, Primo Guzman, came into the interrogation room and announced that Silva was in
custody and that she could be charged with hindering the apprehension of a federal felon. Investigator
Guzman then encouraged defendant to cooperate with the investigation. After the announcement
regarding the potential charges against Silva and more questioning from Investigator Flores,
defendant provided a written statement. The statement included a confession indicating his
culpability in the murder and stating that he had shot and stabbed the victim. The defendant then
provided a verbal videotaped statement confirming the written statement. 


 After defendant was indicted for the murder of Abel Garza, he filed a pre-trial motion to
suppress the verbal and written statements he made during the interrogation on the grounds that they
were not given voluntarily. Defendant argued that his statements were "coerced and induced under
duress" by the investigators because the investigators told him Silva was "going to be arrested and
charged even though there was no evidence against her." After a hearing, the motion to suppress was
denied. A jury found defendant guilty of murder, and this appeal ensued. 

DISCUSSION

 On appeal, defendant argues the trial court erred in denying the motion to suppress his written
statement because it was involuntary, and therefore inadmissible. (2) Specifically, defendant contends
the investigators induced his statement "by at the very least implying, if not directly promising, that
[Silva] would not be charged if he cooperate[d] by making the statement." 

 We review a trial court's ruling on a motion to suppress for an abuse of discretion. State v.
Dixon, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006). Determining whether a confession was
voluntarily given must be analyzed by examining the totality of the circumstances. Delao v. State,
235 S.W.3d 235, 239 (Tex. Crim. App. 2007). "[A] confession of guilt by an accused is admissible
against him when, and only when, it was freely and voluntarily made without having been induced
by the expectation of any promised benefit." Fisher v. State, 379 S.W.2d 900, 902 (Tex. Crim. App.
1964); see also Tex. Code Crim. Proc. Ann. art. 38.21 (Vernon 2005)(providing that an accused's
statement is admissible against him "if it appears that the same was freely and voluntarily made
without compulsion or persuasion"). However, for a promise to render a confession invalid, "the
promise must be positive, made or sanctioned by someone in authority, and of such an influential
nature that it would cause a defendant to speak untruthfully." Martinez v. State, 127 S.W.3d 792,
794 (Tex. Crim. App. 2004).

 At the motion to suppress hearing, Investigator Flores testified that during the interrogation
defendant was notified that Silva could be charged with hindering the apprehension of a federal felon,
but he did not promise defendant any benefit in exchange for his statement. Another investigator who
assisted with defendant's interrogation, Robert Garcia, also testified he did not directly or indirectly
promise defendant anything in exchange for his written statement. To the contrary, defendant testified
that Investigator Garcia told him during the interrogation he was going to arrest Silva and charge her
with harboring a fugitive, but that he [Investigator Garcia] would make him a deal; if defendant would
"just sign a paper" he would release Silva. Silva testified that when she was released from custody
the investigator told her she could leave "because [defendant] signed a paper, a voluntary statement
or something like that, and that [she] could leave." 

 "[T]he trial court is the 'sole and exclusive trier of fact and judge of the credibility of the
witnesses' and the evidence presented at a hearing on a motion to suppress, particularly where the
motion is based on the voluntariness of a confession." Delao, 235 S.W.3d at 238. Therefore, we
afford great deference to the trial court's decision to admit or exclude such evidence. Id. In this case,
both investigators denied making any promises to defendant. Determining whether defendant's
statement was voluntary depends entirely on the credibility and demeanor of the witnesses. Because
we defer to the trial court's evaluation of credibility, we conclude that the trial court did not abuse its
discretion in denying the motion to suppress.

CONCLUSION

 Based on the evidence in the record, we overrule defendant's issue on appeal and affirm the
judgment of the trial court.


 Sandee Bryan Marion, Justice


DO NOT PUBLISH
1. Senior Judge Pat Priest, sitting by assignment, presided over the underlying criminal proceeding and denied
the motion to suppress at issue in this appeal.
2. The videotaped statement was not admitted into evidence at trial, and therefore, its admissibility is not at
issue on appeal.