MARY'S OPINION HEADING 








NO. 12-09-00107-CR

 

IN
THE COURT OF APPEALS 

 

TWELFTH COURT OF
APPEALS DISTRICT

 

TYLER,
TEXAS

NICKOLLAS
JERMAINE MITCHELL,    §                      APPEAL FROM THE 

APPELLANT

 

V.                                                                    §                      COUNTY
COURT AT LAW #2

 

THE
STATE OF TEXAS,

APPELLEE                                                   §                      SMITH
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

            Nickollas
Jermaine Mitchell appeals his conviction for possession of marihuana in an
amount of two ounces or less.  In his sole issue, he contends that the trial
court abused its discretion in denying his motion to suppress evidence.  We affirm.

 

Background

            On
July 30, 2008, Officer Joshua Hill and Officer Damon Swan of the Tyler Police
Department responded to a suspicious vehicle call.  The vehicle was parked in
front of a known narcotics trafficking location, and was occupied by three individuals,
including Appellant.  When Officer Hill approached the vehicle, Appellant was
sitting in the driver’s seat and rolled down the window.  The officer immediately
detected the odor of marihuana.  Officer Hill and Officer Swan asked the three
occupants to step out of the vehicle.  As Appellant exited the vehicle, Officer
Hill noted that Appellant’s eyes were red and glassy.  He also noted that
Appellant had the odor of marihuana on his breath, he wobbled when exiting the
vehicle, and his speech was slow.  Officer Hill related these observations to
Appellant and asked him if he had been smoking marihuana.  Appellant replied
that he had smoked marihuana approximately twenty minutes earlier.  At Officer
Hill’s request, Appellant consented to a search of the vehicle and sat down on
the curb.  During the search, Officer Hill discovered a marihuana “blunt”
cigarette under the armrest separating the driver’s seat and the front
passenger seat.  Officer Hill then asked to whom the marihuana belonged. 
Appellant replied that it was his and that the other two occupants knew nothing
of it.  Appellant was then placed under arrest. 

Ultimately,
Appellant was charged by information with possession of marihuana in an amount
of two ounces or less.  Prior to trial, he moved to suppress his confession and
a videotape that was taken during transport after the arrest.  The trial court
allowed the confession, but suppressed the audio portion of the videotape.  The
jury found Appellant guilty of possession of marihuana in an amount of two
ounces or less, and the trial court assessed punishment at confinement for 160
days and a $1,000.00 fine.  Appellant timely appealed.

 

Motion to Suppress

            In
his sole issue, Appellant contends that the trial court abused its discretion
in denying his motion to suppress his confession.

Standard
of Review

We
review a trial court’s ruling on a motion to suppress evidence under a
bifurcated standard of review.  Amador v. State, 221 S.W.3d 666,
673 (Tex. Crim. App. 2007).  A trial court’s decision to admit evidence of a
confession will be overturned on appeal only where a flagrant abuse of
discretion is shown.  See Delao v. State, 235 S.W.3d 235, 238
(Tex. Crim. App. 2007).  In reviewing the trial court’s decision, we do not
engage in our own factual review.  See Romero v. State, 800
S.W.2d 539, 543 (Tex. Crim. App. 1990).  The trial judge is the sole trier of
fact and judge of the credibility of the witnesses and the weight to be given
their testimony.  Wiede v. State, 214 S.W.3d 17, 24-25 (Tex. Crim.
App. 2007).  Therefore, we give almost total deference to the trial court's
rulings on (1) questions of historical fact, even if the trial court’s
determination of those facts was not based on an evaluation of credibility and
demeanor, and (2) application of law to fact questions that turn on an
evaluation of credibility and demeanor.  See Amador, 221 S.W.3d
at 673.  But when application of law to fact questions do not turn on the
credibility and demeanor of the witnesses, we review the trial court’s rulings
on those questions de novo.  See id.

In
other words, when reviewing the trial court’s ruling on a motion to suppress,
we must view the evidence in the light most favorable to the trial court’s
ruling.  See Wiede, 214 S.W.3d at 24; State v. Kelly,
204 S.W.3d 808, 818 (Tex. Crim. App. 2006).  When, as here, the record is
silent on the reasons for the trial court’s ruling, or when there are no
explicit fact findings and neither party timely requested findings and
conclusions from the trial court, we imply the necessary fact findings that
would support the trial court’s ruling if the evidence, viewed in the light
most favorable to the trial court's ruling, supports those findings.  See Kelly,
204 S.W.3d at 819.  We then review de novo the trial court’s legal ruling
unless the implied fact findings supported by the record are also dispositive
of the legal ruling.  See id.

Applicable
Law

The
warnings required by Miranda[1]
and
article 38.22 of the Texas Code of Criminal Procedure are intended to safeguard
a person’s privilege against self-incrimination during a “custodial
interrogation.”  Herrera v. State, 241 S.W.3d 520, 525-26 (Tex. Crim.
App. 2007).  A “custodial interrogation” occurs when a person is questioned by
police officers after having been taken into custody or otherwise deprived of
his freedom in any significant way.  Id.  “At trial, the
defendant bears the initial burden of proving that a statement was the product
of ‘custodial interrogation.’”  Id. at 526.  There are four
situations that may constitute custody for purposes of Miranda
and article 38.22: (1) when the suspect is physically deprived of his freedom
of action in any significant way; (2) when a law enforcement officer tells the
suspect he is not free to leave; (3) when law enforcement officers create a
situation that would lead a reasonable person to believe that his freedom of
movement has been significantly restricted; and (4) when there is probable
cause to arrest the suspect, and law enforcement officers do not tell the
suspect he is free to leave.  See Dowthitt v. State, 931 S.W.2d
244, 255 (Tex. Crim. App. 1996).

Assumption
of Error

Appellant
contends that all four situations arose in this case, but concentrates
primarily on the fourth scenario.  Specifically, Appellant points out that
Officer Hill admitted in his testimony that after he obtained consent, searched
the vehicle, and discovered the marihuana, he had probable cause to arrest all
three occupants of the vehicle.  Furthermore, Officer Hill did not communicate
that the vehicle’s occupants were free to leave.  Instead, Officer Hill asked
whose marihuana he had discovered, and Appellant replied that it was his. 
Appellant argues that this violated his constitutional Miranda rights,
his statutory rights under article 38.22, section 2, and the procedural
requirements of article 38.22, section 3 of the Texas Code of Criminal
Procedure.  For the purpose of this analysis, we will assume, without deciding,
that the admission of Appellant’s statement was error and proceed directly to
the harm analysis.

Harmless
Error Analysis

Because
the admissibility of incriminating statements made during custodial
interrogations depends in part on whether the police provided the
constitutionally required warnings, we review that type of Miranda
error under the constitutional error standard.  See Akins v. State,
202 S.W.3d 879, 891-92 (Tex. App.–Fort Worth 2006, pet. ref’d.). Constitutional
error requires reversal “unless the court determines beyond a reasonable doubt
that the error did not contribute to the conviction or punishment.”  Tex. R. App. P. 44.2(a).  “In
conducting this analysis in the context of a Miranda error, we
must judge the magnitude of the error in light of the evidence as a whole to
determine the degree of prejudice to the defendant resulting from that error.” 
Jones v. State, 119 S.W.3d 766, 777 (Tex. Crim. App. 2003); see
also Wesbrook v. State, 29 S.W.3d 103, 119 (Tex. Crim. App. 2000). 
The question is whether there is a reasonable likelihood that the error
materially affected the jury’s deliberations.  Neal v. State, 256
S.W.3d 264, 284 (Tex. Crim. App. 2008), cert. denied, 129 S. Ct. 1037,
173 L. Ed. 2d 471 (2009).  Stated another way, the question is whether a
reasonable probability exists that the error moved the jury from a state of
nonpersuasion to one of persuasion as to the issue in question.  Wesbrook,
29 S.W.3d at 119.  Therefore, we must assess the probable weight a juror would
place upon the statement.  See Jones, 119 S.W.3d at 778.  To do
this in the case at bar, we assess the independent proof of Appellant’s
possession of the marihuana.  Id. 

The
admission of statements taken in noncompliance with article 38.22, on the other
hand, is nonconstitutional error.  Nonn v. State, 117 S.W.3d 874,
881 (Tex. Crim. App. 2003).  Accordingly, we must disregard such a statutory
error unless it affects an appellant’s substantial rights.  See Tex. R. App. P. 44.2(b).  A
substantial right is affected when the error has a substantial and injurious
effect or influence in determining the jury's verdict.  Woods v. State,
152 S.W.3d 105, 118-19 (Tex. Crim. App. 2004).  

1.
Proof required.

A
person commits a class B misdemeanor if he knowingly or intentionally possesses
marihuana in an amount of two ounces or less.  Tex. Health & Safety Code Ann. § 481.121(a), (b)(1)
(Vernon Supp. 2009).  “Possession” is defined as having “actual care, custody,
control, or management” of the controlled substance.  Tex. Penal Code Ann. § 1.07(39) (Vernon Supp. 2009).

To
support a conviction for possession of a controlled substance, the state must
also prove that “(1) the accused exercised control, management, or care over
the substance; and (2) the accused knew the matter possessed was contraband.”  Evans
v. State, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006); Poindexter
v. State, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005).  If the accused
is not in exclusive possession of the contraband, the state must show
additional independent facts and circumstances that affirmatively link the
accused and the contraband.  Brown v. State, 911 S.W.2d 744, 748
(Tex. Crim. App. 1995); Deshong v. State, 625 S.W.2d 327, 329
(Tex. Crim. App. 1981).  Mere presence where the drugs are found is
insufficient alone, but when combined with other evidence, either direct or
circumstantial (“links”), may well be sufficient to establish knowing possession,
control, management, or care of the contraband beyond a reasonable doubt.  Evans,
202 S.W.3d at 162.

The
following is a list of possible nonexclusive links that have been recognized as
sufficient, either singly or in combination, to establish a person's knowing
possession of contraband:

 

(1) the defendant's presence when
a search is conducted; (2) whether the contraband was in plain view; (3) the
defendant's proximity to and the accessibility of the narcotic; (4) whether the
defendant was under the influence of narcotics when arrested; (5) whether the
defendant possessed other contraband or narcotics when arrested; (6) whether
the defendant made incriminating statements when arrested; (7) whether the
defendant attempted to flee; (8) whether the defendant made furtive gestures;
(9) whether there was an odor of contraband; (10) whether other contraband or
drug paraphernalia were present; (11) whether the defendant owned or had the
right to possess the place where the drugs were found; (12) whether the place
where the drugs were found was enclosed; (13) whether the defendant was found
with a large amount of cash; and (14) whether the conduct of the defendant
indicated a consciousness of guilt.

 

 

Id.
at 163 n.12. 

2.
Independent proof of possession.

Here,
Officer Hill initiated a lawful citizen encounter.  Appellant was in the
driver’s seat of the vehicle.  Officer Hill noticed the distinct odor of
marihuana emanating from the vehicle, and he asked Appellant to exit the
vehicle.  The officer smelled marihuana on Appellant’s breath, observed his red
and glassy eyes, and saw Appellant wobble when he exited the vehicle.  The
officer also noticed that Appellant’s speech was slow.  Officer Hill testified
that, based on his training and experience, Appellant was likely under the
influence of marihuana, and he thought that marihuana might be located in the
vehicle.  In addition to the later obtained confession, which we must
disregard, Appellant also made several incriminating statements to the
officer.  For example, Appellant admitted that he smoked marihuana
approximately twenty minutes prior to his encounter with Officer Hill and that
he smoked marihuana several times in the past.  This transformed the encounter
into a lawful detention.  At that point, Officer Hill lawfully asked Appellant
if he could search the vehicle, and Appellant consented. 

Appellant
sat on the curb while the search was conducted.  The officer discovered a
marihuana “blunt” cigarette, which was not in plain view or elaborately
concealed; it was simply placed under the armrest between the driver’s seat and
the front passenger seat.  Appellant was only inches from the marihuana, which
had been partially smoked.  The vehicle belonged to Appellant’s aunt.  It is
undisputed, however, that he had the exclusive right to control the vehicle at
the time of the arrest, and was exercising such control.

When
considered as a whole, the above evidence constitutes overwhelming proof that
Appellant committed the offense of possession of marihuana in an amount of two
ounces or less.  Given the strength of this evidence, we are convinced beyond a
reasonable doubt that there is no reasonable likelihood that the admission of
Appellant’s confession materially affected the jury’s deliberations.  Said
another way, we conclude that there is no reasonable probability that the jury
was moved from a state of nonpersuasion to persuasion by the admission of
Appellant’s confession.  Likewise, due to the above analysis and the more
stringent standard for the constitutional Miranda violation, any nonconstitutional
statutory violations under section 38.22 could not have had a substantial or
injurious influence in determining the jury’s verdict. 

We
recognize that a defendant’s confession is often likely to have a profound
impact on a jury.  Nonetheless, given the other evidence and circumstances in
this particular case, the admission of the Appellant’s confession was harmless
beyond a reasonable doubt. 

Appellant’s
sole issue is overruled.

 

Disposition

We
affirm the judgment of the trial court. 

 

                                                                             Sam
Griffith

                                                                                
     Justice

 

 

Opinion delivered February 26, 2010.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

(DO NOT PUBLISH)









                [1] Miranda v. Arizona,
384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).