REFORM and AFFIRM; Opinion issued February 5, 2013.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-11-01734-CR

## LEONELL RODRIGUEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial District Court
Dallas County, Texas
Trial Court Cause No. F09-34429-Q

## OPINION

Before Justices Lang-Miers, Myers, and Richter[1]
Opinion By Justice Richter

A jury convicted appellant of continuous sexual assault of a child and the court sentenced him to twenty-five years' imprisonment. In three issues on appeal, appellant asserts the trial court did not properly consider and rule upon the voluntariness of his statement, and erred in admitting the statement because the statutory prerequisites for the admission of confessions were not satisfied. The state requests that we reform the judgment to reflect the correct statutory reference for appellant's conviction. We reform the trial court's judgment, and as reformed, affirm.

---

[1]The Honorable Martin E. Richter, Retired Justice, sitting by assignment.

*Voluntariness*

Following his arrest, appellant confessed to touching or penetrating the seven-year-old victim's anus with sexual intent or desire on a number of occasions. Appellant's confession was recorded.

Appellant's first two issues concern the voluntariness of his confession. Appellant asserts the trial court erred in admitting the audio portion of his confession without inquiring into the circumstances concerning the time, place, and manner in which the confession was obtained. Specifically, appellant contends the trial court failed to conduct a hearing to determine voluntariness under article 38.22 section 6 of the code of criminal procedure. Appellant further complains the trial court failed to enter an order stating its conclusion as to whether the statement was voluntarily made, along with specific findings of fact upon which the conclusion was based. Appellant also asserts that his statement was involuntary and improperly admitted into evidence against him. The State responds that appellant failed to preserve these issues for our review.

During a pre-trial hearing, defense counsel objected to the admissibility of appellant's videotaped statement because it would be prejudicial to show the jury a videotape of appellant while in handcuffs. The State agreed that it was not appropriate to show the appellant in handcuffs, and stated its intention to proceed with only the audio portion of the statement. When the court asked whether defense counsel had any objections to the audio portion of the statement, counsel replied:

> Perhaps our only objection would be just the fact that he is one, in custody, and two, he is handcuffed. That could rise to the issue of whether or not his statement was voluntary . . . .[2]

In response to the trial judge's inquiry, defense counsel conceded appellant had been given his *Miranda* warnings. The judge then summarized the issue, stating, "Does someone in handcuffs believe that they have a right to remain silent? That's the issue." Defense counsel responded "Yes." When the trial judge inquired as to whether either party had researched the issue, both parties responded in the negative. The judge indicated that he did not have the answer either and would have to "look at some case law." He invited the parties to do the same. There is no indication in the record that either party followed up on the issue or that the question was further considered. At trial, when the audio portion of appellant's interview was admitted into evidence, defense counsel stated that he had "No additional objection."

If an issue of voluntariness is raised, Article 38.22, section 6 of the Texas Code of Criminal Procedure requires the trial judge to make an independent determination in a hearing outside the presence of the jury that the statement was voluntarily made. TEX. CODE CRIM. PROC. ANN. art. 38.22 § 6 (West 2005); *Oursbourn v. State*, 259 S.W.3d 159, 175 (Tex. Crim. App. 2008). But to be entitled to a hearing under article 38.22, a defendant must first raise a fact issue as to the voluntariness of the statement. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22(6). A trial court is not required to engage in fact finding concerning the

---

[2] A statement may be deemed "involuntary" under three different theories: (1) failure to comply with article 38.22; (2) failure to comply with the dictates of Miranda; or (3) failure to comply with due process or due course of law. *See Oursbourn v. State*, 259 S.W.3d 159, 169 (Tex. Crim. App. 2008). Because appellant's appellate argument is confined to article 38.22, our analysis is accordingly limited.

voluntariness of oral statements unless there is some evidence raised to indicate that the statement is not voluntary. *See Hernandez v. State*, 978 S.W.2d 137, 140 (Tex. App.—Austin 1998, pet. ref'd). The evidence must be such as would create a reasonable doubt as to a specific factual matter essential to the voluntariness of the statement.

Initially, we note that we have some reservations about whether appellant preserved the issue for our review. As a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion that stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context. TEX. R. APP. P. 33.1. Failure to timely raise the issue of voluntariness results in waiver of the issue and precludes appellate review. *See Sanders v. State*, 715 S.W.2d 771, 775 (Tex. App.—Tyler 1986, no pet.). During the pre-trial hearing, defense counsel did not cite article 38.22 or address the language of the statute as the basis for his request. He provided no authority, either initially upon making the argument or as a follow-up as requested by the court, to support his vague suggestion that handcuffing a defendant while in custody renders a statement involuntary under some unidentified theory. When the audio portion of the recorded statement was introduced into evidence, counsel did not specifically urge any objection based on article 38.22, make clear to the court he desired a 38.22 hearing or a ruling, or seek a jury instruction on voluntariness as provided by the statute. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22 § 6. Nonetheless, giving appellant every benefit of the doubt, even if we assume

appellant's issues are preserved for our review, we cannot conclude the trial court erred in failing to conduct a hearing or in admitting the statement.

Under the code of criminal procedure, a confession is involuntary if the confessor did not make the decision to confess of his own free will. *Delao v. State*, 235 S.W.3d 235, 239–40 (Tex. Crim. App. 2007). We determine whether a confession was voluntary based on the totality of the surrounding circumstances under which it was obtained. *Green v. State*, 934 S.W.2d 92, 98 (Tex. Crim. App. 1996). If an issue of voluntariness is raised, Article 38.22, section 6 of the Texas Code of Criminal Procedure requires the trial judge to make an independent determination in a hearing outside the presence of the jury that the statement was voluntarily made. TEX. CODE CRIM. PROC. ANN. art. 38.22 § 6 (West 2005); *Oursbourn*, 259 S.W.3d at 175. But to be entitled to a hearing under article 38.22, a defendant must first raise a fact issue as to the voluntariness of the statement. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22(6). A trial court is not required to engage in fact finding concerning the voluntariness of oral statements unless there is some evidence raised to indicate that the statement is not voluntary. *See Hernandez v. State*, 978 S.W.2d 137, 140 (Tex. App.—Austin 1998, pet. ref'd). The evidence must be such as would create a reasonable doubt as to a specific factual matter essential to the voluntariness of the statement. *Oursbourn*, 259 S.W.3d at 177.

In the instant case, appellant did not raise any doubt as to a specific factual matter essential to the voluntariness of the statement. Instead, the only point appellant raised was an easily resolved question of law— whether the use of handcuffs while a defendant is in

custody, in and of itself, renders any statement made involuntary. But the mere fact that appellant was handcuffed does not even constitute interrogation, much less coercion. *Cf. Rhode Island v. Innis*, 446 U.S. 291,301–02 (1980) (handcuffing suspect and placing him in patrol car was act attendant to arrest and custody, rather than interrogative). And being handcuffed does not alone serve to show that a suspect's will was overborne. *See Bell v. State*, 169 S.W.3d 384, 391–92 (Tex. App.—Fort Worth 2005, pet ref'd) (eight hours questioning while in handcuffs and shackles did not render confession involuntary); *see also Harris v. Dugger*, 874 F.2d 756, 762 (11th Cir. 1989) (holding confession voluntary despite handcuffs throughout six hour interrogation).

A claim of involuntariness under the code of criminal procedure additionally encompasses subjective involuntariness claims that do not turn solely on police overreaching. *Oursbourn*, 259 S.W.3d at 172. Thus, under a section 6 inquiry, courts consider factors such as the suspect's youth, intoxication, mental retardation, or other disability. *Id.* at 172–73. No such circumstances are present here. To the contrary, appellant was *Mirandized* and indicated he understood those rights. The recorded statement reflects that the statement appellant gave was the product of his own free will, particularly since he again described his conduct in an incriminatory way while on the witness stand during trial. Under these circumstances, we cannot conclude the trial court erred in failing to proceed under article 38.22 or in admitting the statement. Appellant's first two issues are overruled.

***Right to Terminate Interview.***

In his third issue, appellant argues his confession was inadmissible because he was not advised of his right to terminate the interview in accordance with TEX. CODE CRIM. PROC. ANN. art. 38.22§2 (a) (5) (West 2005). The record, however, reflects otherwise.

The recorded statement reflects that appellant was admonished in accord with the statute prior to questioning. In fact, the detective took the additional step of making sure that appellant understood the meaning of "terminate." Appellant responded affirmatively, and described the term as meaning he could stop the interview when he wanted to. The detective then reinforced appellant's understanding stating "That's right. You don't have to talk to me if you don't want to." Because the record reflects that the requisite warnings were given, the trial court did not err in admitting the statement. Appellant's third issue is overruled.

***Reformation of the Judgment***

The State requests that we reform the judgment to reflect the correct offense for which appellant was convicted. We have the power to correct a clerical error in a judgment to properly reflect what occurred in the trial court as shown by the record. *See* TEX. R. APP. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992).

Here, the judgment states that appellant was convicted under "22.02 Penal Code." The record reflects that appellant was convicted for the offense defined in section 21.02 of the Penal Code. Therefore, we reform the judgment to reflect that appellant was convicted under section 21.02 of the Penal Code.

As reformed, the trial court's judgment is affirmed.

_____
MARTIN RICHTER
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

111734F.U05



# Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

LEONELL RODRIGUEZ, Appellant

No. 05-11-01734-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 204th Judicial District Court of Dallas County, Texas. (Tr.Ct.No. F09-34429-Q).
Opinion delivered by Justice Richter, Justices Lang-Miers and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **REFORMED** to reflect that appellant was convicted under section 21.02 of the Texas Penal Code. As reformed, the judgment is **AFFIRMED**.

Judgment entered February 5, 2013.

MARTIN RICHTER
JUSTICE