

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00028-CR

EZEKIEL WILL BELL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 46th District Court
Wilbarger County, Texas
Trial Court No. 11,775, Honorable Dan Mike Bird, Presiding

March 9, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Ezekiel Will Bell was convicted of murder and sentenced to life imprisonment. He contends on appeal that 1) his statements to police should have been suppressed because they were not knowingly and voluntarily made, and 2) without the statements, the evidence is legally insufficient to sustain his conviction. We affirm the judgment.

*Background*

On December 19, 2012, appellant met up with Shamia Hall and her boyfriend Quentin Trayvon Arthur. They spent time at Shamia's house and then went to a

convenience store where they met Michael Jerome Ridge.  All four persons went back to Shamia's house and smoked marijuana.  Appellant also took Xanax pills.  At some point, without apparent provocation, appellant picked up a baseball bat and began striking Michael repeatedly with it.  Quentin tried to stop appellant but was bitten by him.  Appellant ceased the beating and remarked to Shamia and Quentin that Michael was not dead yet.  He then re-commenced striking Michael with the baseball bat and later picked up a television set and dropped it on Michael's head.  Afterward, appellant left the house and went to his mother's house where she observed him acting strangely and turning in circles.  She called 911.[1]  When officers arrived, appellant was combative and mumbling numbers and names.  Appellant was taken to the hospital where he tested positive for benzodiazepines, marijuana, and opiates.  A couple of hours later, he was released from the hospital and taken to the police station.  A couple of hours after his arrival there, he gave two oral statements and one written statement.  He gave a third oral statement the next day.

*Motion to Suppress*

We review a ruling on a motion to suppress under the standard discussed in *Valtierra v. State*, 310 S.W.3d 442, 447-48 (Tex. Crim. App. 2010).  In doing so, we give deference to the trial court's fact findings but review its application of the law to the facts *de novo.  Id.*

It is undisputed that appellant was in custody at the time he gave his statements and that he was apprised of his *Miranda* warnings prior to each statement.  However, appellant argues he was under the influence of drugs at the time he made the statements and unable to knowingly and voluntarily waive his rights under section 38.22

---

[1] Shamia also called 911.

of the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22 § 2(b) & § 3(a)(2) (West Supp. 2014) (stating that no written or oral statement is admissible unless the accused is given statutory warnings and "knowingly, intelligently, and voluntarily waives" those rights). The trial court found that, at the time of his initial interview, appellant "appears to be coherent and he answers questions appropriately, or refuses to answer questions." He further found that appellant understood his constitutional and statutory rights and that the statements were free of any threats, compulsion, or coercion.

The statements of an accused may be used in evidence against him if it appears that they were freely and voluntarily made without compulsion or persuasion. *Id.* art. 38.21 (West 2005). Whether a confession was voluntarily made is to be determined by the totality of the circumstances. *Delao v. State*, 235 S.W.3d 235, 241 (Tex. Crim. App. 2007). An accused's intoxication is a factor to consider in evaluating the voluntariness of a confession. *Leza v. State*, 351 S.W.3d 344, 351 (Tex. Crim. App. 2011) (recognizing that the use of heroin does have a bearing on the user's comprehension).

The evidence shows that 1) appellant was arrested at 1:00 a.m., 2) at the time of his arrest and transport to the hospital, he was combative and speaking incoherently, 3) at least one officer believed appellant to be under the influence of drugs at that time, 4) appellant tested positive for drugs at the hospital, 5) a nurse at the hospital testified that appellant did not answer questions appropriately, 6) at 2:48 a.m., it was noted that appellant was able to say his name, location, and the year and no learning barriers were observed, 7) appellant was discharged from the hospital at 2:56 a.m., 8) appellant was noted as being calmer at the time of his discharge, 9) appellant's first statement was

taken at 5:15 a.m., 10) appellant was afforded his *Miranda* warnings, understood them, and wanted to waive them and talk, 11) appellant seemed tired and calm at the time of his first statement, 12) appellant was not "spouting anything out of the ordinary," 13) his answers were responsive to the questions being asked and he answered only the questions he chose to answer, 14) appellant was given something to eat and no threats were made, 15) appellant's second interview commenced at 3:48 p.m. the same day, 16) he was equally coherent during the first and second interviews, 17) he made sense during the second interview, and 18) appellant's third interview took place the following day and he gave appropriate responses. The record also reveals that the trial court listened to the tapes of the oral statements and had the opportunity to assess whether the evidence as to appellant's responsiveness and coherence was accurate.

As previously mentioned, we are obligated to defer to the trial court's factual findings if supported by the evidence. Those findings entered here expressing that appellant "was aware of and fully understood the content of each of the statements," "fully understood his constitutional and statutory rights," "freely, knowingly, intelligently and voluntarily waived his constitutional and statutory rights" and that the statements were "voluntarily made" have evidentiary support. Consequently, we defer to them and conclude that the trial court did not abuse its discretion in denying the motion to suppress. The issue is overruled.

*Sufficiency of the Evidence*

Appellant next contends that, without his statements, the evidence is legally insufficient to sustain his conviction. We review the sufficiency of the evidence under

4

the standard discussed in *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010), and overrule the issue since the evidence here satisfies that standard.

The victim died from blunt force trauma to the head. Both Shamia Hall and Quentin Trayvon Arthur testified that appellant beat the victim with a baseball bat, remarked at one point that he was not yet dead, and began to beat him again. Quentin also testified that appellant dropped a television on the victim's head. Furthermore, the victim's DNA was found on appellant's shirt, pants, shoes, and the baseball bat. This is evidence from which a rational trier of fact could conclude beyond a reasonable doubt that appellant intended to cause the death of his victim.

Accordingly, the judgment is affirmed.

Per Curiam

Do not publish.