# NO. 12-09-00107-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *NICKOLLAS JERMAINE MITCHELL,* *APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW #2* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Nickollas Jermaine Mitchell appeals his conviction for possession of marihuana in an amount of two ounces or less. In his sole issue, he contends that the trial court abused its discretion in denying his motion to suppress evidence. We affirm.

## BACKGROUND

On July 30, 2008, Officer Joshua Hill and Officer Damon Swan of the Tyler Police Department responded to a suspicious vehicle call. The vehicle was parked in front of a known narcotics trafficking location, and was occupied by three individuals, including Appellant. When Officer Hill approached the vehicle, Appellant was sitting in the driver's seat and rolled down the window. The officer immediately detected the odor of marihuana. Officer Hill and Officer Swan asked the three occupants to step out of the vehicle. As Appellant exited the vehicle, Officer Hill noted that Appellant's eyes were red and glassy. He also noted that Appellant had the odor of marihuana on his breath, he wobbled when exiting the vehicle, and his speech was slow. Officer Hill related these observations to Appellant and asked him if he had been smoking marihuana. Appellant replied that he had smoked marihuana approximately twenty minutes earlier. At Officer Hill's request, Appellant consented to a search of the vehicle and sat down on

the curb.  During the search, Officer Hill discovered a marihuana "blunt" cigarette under the armrest separating the driver's seat and the front passenger seat.  Officer Hill then asked to whom the marihuana belonged.  Appellant replied that it was his and that the other two occupants knew nothing of it.  Appellant was then placed under arrest.

Ultimately, Appellant was charged by information with possession of marihuana in an amount of two ounces or less.  Prior to trial, he moved to suppress his confession and a videotape that was taken during transport after the arrest.  The trial court allowed the confession, but suppressed the audio portion of the videotape.  The jury found Appellant guilty of possession of marihuana in an amount of two ounces or less, and the trial court assessed punishment at confinement for 160 days and a $1,000.00 fine.  Appellant timely appealed.

## MOTION TO SUPPRESS

In his sole issue, Appellant contends that the trial court abused its discretion in denying his motion to suppress his confession.

## Standard of Review

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review.  *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007).  A trial court's decision to admit evidence of a confession will be overturned on appeal only where a flagrant abuse of discretion is shown.  *See Delao v. State*, 235 S.W.3d 235, 238 (Tex. Crim. App. 2007).  In reviewing the trial court's decision, we do not engage in our own factual review.  *See Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990).  The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony.  *Wiede v. State*, 214 S.W.3d 17, 24-25 (Tex. Crim. App. 2007).  Therefore, we give almost total deference to the trial court's rulings on (1) questions of historical fact, even if the trial court's determination of those facts was not based on an evaluation of credibility and demeanor, and (2) application of law to fact questions that turn on an evaluation of credibility and demeanor.  *See Amador*, 221 S.W.3d at 673.  But when application of law to fact questions do not turn on the credibility and demeanor of the witnesses, we review the trial court's rulings on those questions de novo.  *See id.*

In other words, when reviewing the trial court's ruling on a motion to suppress, we must view the evidence in the light most favorable to the trial court's ruling.  *See Wiede*, 214 S.W.3d

at 24; *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). When, as here, the record is silent on the reasons for the trial court's ruling, or when there are no explicit fact findings and neither party timely requested findings and conclusions from the trial court, we imply the necessary fact findings that would support the trial court's ruling if the evidence, viewed in the light most favorable to the trial court's ruling, supports those findings. *See Kelly*, 204 S.W.3d at 819. We then review de novo the trial court's legal ruling unless the implied fact findings supported by the record are also dispositive of the legal ruling. *See id.*

## Applicable Law

The warnings required by *Miranda*[1] and article 38.22 of the Texas Code of Criminal Procedure are intended to safeguard a person's privilege against self-incrimination during a "custodial interrogation." *Herrera v. State*, 241 S.W.3d 520, 525-26 (Tex. Crim. App. 2007). A "custodial interrogation" occurs when a person is questioned by police officers after having been taken into custody or otherwise deprived of his freedom in any significant way. *Id.* "At trial, the defendant bears the initial burden of proving that a statement was the product of 'custodial interrogation.'" *Id.* at 526. There are four situations that may constitute custody for purposes of *Miranda* and article 38.22: (1) when the suspect is physically deprived of his freedom of action in any significant way; (2) when a law enforcement officer tells the suspect he is not free to leave; (3) when law enforcement officers create a situation that would lead a reasonable person to believe that his freedom of movement has been significantly restricted; and (4) when there is probable cause to arrest the suspect, and law enforcement officers do not tell the suspect he is free to leave. *See Dowthitt v. State*, 931 S.W.2d 244, 255 (Tex. Crim. App. 1996).

## Assumption of Error

Appellant contends that all four situations arose in this case, but concentrates primarily on the fourth scenario. Specifically, Appellant points out that Officer Hill admitted in his testimony that after he obtained consent, searched the vehicle, and discovered the marihuana, he had probable cause to arrest all three occupants of the vehicle. Furthermore, Officer Hill did not communicate that the vehicle's occupants were free to leave. Instead, Officer Hill asked whose marihuana he had discovered, and Appellant replied that it was his. Appellant argues that this violated his constitutional *Miranda* rights, his statutory rights under article 38.22, section 2, and

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

the procedural requirements of article 38.22, section 3 of the Texas Code of Criminal Procedure. For the purpose of this analysis, we will assume, without deciding, that the admission of Appellant's statement was error and proceed directly to the harm analysis.

**Harmless Error Analysis**

Because the admissibility of incriminating statements made during custodial interrogations depends in part on whether the police provided the constitutionally required warnings, we review that type of *Miranda* error under the constitutional error standard. *See Akins v. State*, 202 S.W.3d 879, 891-92 (Tex. App.–Fort Worth 2006, pet. ref'd.). Constitutional error requires reversal "unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment." TEX. R. APP. P. 44.2(a). "In conducting this analysis in the context of a *Miranda* error, we must judge the magnitude of the error in light of the evidence as a whole to determine the degree of prejudice to the defendant resulting from that error." *Jones v. State*, 119 S.W.3d 766, 777 (Tex. Crim. App. 2003); *see also Wesbrook v. State*, 29 S.W.3d 103, 119 (Tex. Crim. App. 2000). The question is whether there is a reasonable likelihood that the error materially affected the jury's deliberations. *Neal v. State*, 256 S.W.3d 264, 284 (Tex. Crim. App. 2008), *cert. denied*, 129 S. Ct. 1037, 173 L. Ed. 2d 471 (2009). Stated another way, the question is whether a reasonable probability exists that the error moved the jury from a state of nonpersuasion to one of persuasion as to the issue in question. *Wesbrook*, 29 S.W.3d at 119. Therefore, we must assess the probable weight a juror would place upon the statement. *See Jones*, 119 S.W.3d at 778. To do this in the case at bar, we assess the independent proof of Appellant's possession of the marihuana. *Id.*

The admission of statements taken in noncompliance with article 38.22, on the other hand, is nonconstitutional error. *Nonn v. State*, 117 S.W.3d 874, 881 (Tex. Crim. App. 2003). Accordingly, we must disregard such a statutory error unless it affects an appellant's substantial rights. *See* TEX. R. APP. P. 44.2(b). A substantial right is affected when the error has a substantial and injurious effect or influence in determining the jury's verdict. *Woods v. State*, 152 S.W.3d 105, 118-19 (Tex. Crim. App. 2004).

**1. Proof required.**

A person commits a class B misdemeanor if he knowingly or intentionally possesses marihuana in an amount of two ounces or less. TEX. HEALTH & SAFETY CODE ANN. § 481.121(a), (b)(1) (Vernon Supp. 2009). "Possession" is defined as having "actual care,

custody, control, or management" of the controlled substance. TEX. PENAL CODE ANN. § 1.07(39) (Vernon Supp. 2009).

To support a conviction for possession of a controlled substance, the state must also prove that "(1) the accused exercised control, management, or care over the substance; and (2) the accused knew the matter possessed was contraband." *Evans v. State*, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006); *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). If the accused is not in exclusive possession of the contraband, the state must show additional independent facts and circumstances that affirmatively link the accused and the contraband. *Brown v. State*, 911 S.W.2d 744, 748 (Tex. Crim. App. 1995); *Deshong v. State*, 625 S.W.2d 327, 329 (Tex. Crim. App. 1981). Mere presence where the drugs are found is insufficient alone, but when combined with other evidence, either direct or circumstantial ("links"), may well be sufficient to establish knowing possession, control, management, or care of the contraband beyond a reasonable doubt. *Evans*, 202 S.W.3d at 162.

The following is a list of possible nonexclusive links that have been recognized as sufficient, either singly or in combination, to establish a person's knowing possession of contraband:

> (1) the defendant's presence when a search is conducted; (2) whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the narcotic; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband or narcotics when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt.

*Id.* at 163 n.12.

## 2. Independent proof of possession.

Here, Officer Hill initiated a lawful citizen encounter. Appellant was in the driver's seat of the vehicle. Officer Hill noticed the distinct odor of marihuana emanating from the vehicle, and he asked Appellant to exit the vehicle. The officer smelled marihuana on Appellant's breath, observed his red and glassy eyes, and saw Appellant wobble when he exited the vehicle. The

officer also noticed that Appellant's speech was slow. Officer Hill testified that, based on his training and experience, Appellant was likely under the influence of marihuana, and he thought that marihuana might be located in the vehicle. In addition to the later obtained confession, which we must disregard, Appellant also made several incriminating statements to the officer. For example, Appellant admitted that he smoked marihuana approximately twenty minutes prior to his encounter with Officer Hill and that he smoked marihuana several times in the past. This transformed the encounter into a lawful detention. At that point, Officer Hill lawfully asked Appellant if he could search the vehicle, and Appellant consented.

Appellant sat on the curb while the search was conducted. The officer discovered a marihuana "blunt" cigarette, which was not in plain view or elaborately concealed; it was simply placed under the armrest between the driver's seat and the front passenger seat. Appellant was only inches from the marihuana, which had been partially smoked. The vehicle belonged to Appellant's aunt. It is undisputed, however, that he had the exclusive right to control the vehicle at the time of the arrest, and was exercising such control.

When considered as a whole, the above evidence constitutes overwhelming proof that Appellant committed the offense of possession of marihuana in an amount of two ounces or less. Given the strength of this evidence, we are convinced beyond a reasonable doubt that there is no reasonable likelihood that the admission of Appellant's confession materially affected the jury's deliberations. Said another way, we conclude that there is no reasonable probability that the jury was moved from a state of nonpersuasion to persuasion by the admission of Appellant's confession. Likewise, due to the above analysis and the more stringent standard for the constitutional *Miranda* violation, any nonconstitutional statutory violations under section 38.22 could not have had a substantial or injurious influence in determining the jury's verdict.

We recognize that a defendant's confession is often likely to have a profound impact on a jury. Nonetheless, given the other evidence and circumstances in this particular case, the admission of the Appellant's confession was harmless beyond a reasonable doubt.

Appellant's sole issue is overruled.


### DISPOSITION
We *affirm* the judgment of the trial court.

**S**AM **G**RIFFITH
Justice

Opinion delivered February 26, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)