PD-1531-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 2/1/2015 8:22:34 PM
Accepted 2/4/2015 10:38:57 AM
ABEL ACOSTA
CLERK

**No. PD-1531-14**

IN THE

## Court of Criminal Appeals
## At Austin

_____

# KHAHN PHAN,
*Appellant*

*v.*

# THE STATE OF TEXAS
*Appellee*

_____

Cause number 1225435
In the 263rd Judicial District Court
Of Harris County, Texas

Cause number No. 14-13-00215-CR
In the Court of Appeals for the Fourteenth Judicial District

_____

*Appellant's Petition for Discretionary Review*
_____

FILED IN
COURT OF CRIMINAL APPEALS

February 4, 2015

ABEL ACOSTA, CLERK

KELLY ANN SMITH
Texas Bar No. 00797867
Kelly.A.Smith.06@gmail.com
P.O. Box 10751
Houston, TX  77206
281-734-0668

*Counsel for Appellant*

# Grounds For Review

1. **Should Texas police officers be permitted to willfully, knowingly, and intentionally delay taking a suspect before a magistrate as required by Articles 15.16 & 15.17 of Texas Code of Criminal Procedure, in a deliberate and admitted effort to extract a false confession that is then used against the suspect at trial ?**

2. **Does the Appellant's jury argument that his confession was involuntary render the trial court's error of failing to include a voluntariness instruction in the jury's charge harmless?**

# Statement Regarding Oral Argument

Because this case involves important issues regarding this state's jurisprudence, the appellant submits that oral argument would benefit this Court and pursuant to TEX. R. APP. P. 68.4 (c), requests the opportunity to present oral argument.

IN THE

## Court of Criminal Appeals
## At Austin

_____

# KAHN PHAN,

*Appellant*

*v.*

# THE STATE OF TEXAS

*Appellee*

_____

Cause number 1225435
In the 263rd Judicial District Court
Of Harris County, Texas

Cause number No. 14-13-00215-CR
In the Court of Appeals for the Fourteenth Judicial District

_____

# *Appellant's Petition for Discretionary Review*

**TO THE COURT OF CRIMINAL APPEALS OF TEXAS:**

The appellant, by and through undersigned counsel, files this Petition for Discretionary Review and urges this Court to grant discretionary review in this case and in support demonstrates the following.

# IDENTITY OF PARTIES AND COUNSEL

The Appellant has provided a complete list of all interested parties' names below, under TEX. R. APP. P. 68.4.

The appellant or convicted person:

**Khahn Phan** — Appellant

Counsel for the appellant:

**Kelly Ann Smith**— Counsel on appeal
PO Box 10751
Houston, Texas 77206
Phone: (281) 734-0668

**Windi Akins Pastorini** — Counsel at trial
**Son Tran**
440 Louisiana, Ste 900
Houston, Texas 77002
Phone: 713.236.7000

Counsel for the State:

**Mike Anderson** — District Attorney of Harris County
Harris County Criminal Justice Center

**Joshua Somers** — Assistant District Attorneys at trial
**Tim Ballengee** Harris County Criminal Justice Center
1201 Franklin, Suite 600
Houston, Texas 77002
Telephone: (713) 755-5800

Trial Judge:

**Hon. Jim Wallace** — Presiding Judge of the 263rd District Court

# Table of Contents

Page

GROUNDS FOR REVIEW ......................................................................... I

STATEMENT REGARDING ORAL ARGUMENT ............................................... I

IDENTITIES OF PARTIES AND COUNSEL ..................................................... III

INDEX OF AUTHORITIES.......................................................................... V

STATEMENT OF THE CASE ....................................................................... 2

STATEMENT OF THE PROCEDURAL HISTORY .............................................. 2

GROUNDS FOR REVIEW .......................................................................... 3

REASONS FOR REVIEW-GROUND #1 .......................................................... 3

REASONS FOR REVIEW-GROUND #2 .......................................................... 7

PRAYER ............................................................................................... 8

CERTIFICATE OF COMPLIANCE & SERVICE ................................................. 8

APPENDIX: APPELLATE OPINION .............................................................. 9

# INDEX OF AUTHORITIES

**Cases**

*Almanza v. State,*
   686 S.W.2d 157 (Tex. Crim. App. 1984) (op. on reh'g). ..............................................7

*Oursbourn v. State*,
   259 S.W.3d 159 (Tex. Crim. App. 2008) ........................................................................7


**Statutes**

TEX. CODE CRIM. PROC.  art.15.16 ........................................................................................6

TEX. CODE CRIM. PROC.  art. 15.17 .......................................................................................6

TEX. CODE CRIM. PROC. 38.22 ..............................................................................................6


**Rules**

TEX. R. APP. P. 68.4 ...............................................................................................................i

**TO THE HONORABLE COURT OF APPEALS:**

## STATEMENT OF THE CASE

The State accused the appellant of murder. The indictment alleged that the appellant caused Simon Truong's death by shooting Truong with a firearm. The appellant pled not guilty to the indictments' allegations, and the case was tried together before a jury and the Honorable Jim Wallace, presiding judge of the 263rd District Court in Harris County Texas (RR Vol. III at 12-3). The jury found the appellant guilty of murder than assessed his punishment at twenty-eight years in prison (RR Vol. VI at 96; Vol. VII at 4).

## STATEMENT OF THE PROCEDURAL HISTORY

The Fourteenth Court of Appeals affirmed the appellant's conviction in *Khahn Phan v. The State of Texas,* No. 14-13-00215-CR, (Tex. App.—Houston [14th Dist.] October 14, 2014). Neither party filed a motion for rehearing.

## GROUNDS FOR REVIEW

1 Should Texas police officers be permitted to willfully, knowingly, and intentionally delay taking a suspect before a magistrate as required by Articles 15.16 & 15.17 of Texas Code of Criminal Procedure, in a deliberate and admitted effort to extract a false confession that is then used against the suspect at trial ?

2. Does the Appellant's jury argument that his confession was involuntary render the trial court's error of failing to include a voluntariness instruction in the jury's charge harmless?

## REASONS FOR REVIEW-GROUND #1

Should Texas police officers be permitted to willfully, knowingly, and intentionally delay taking a suspect before a magistrate as required by Articles 15.16 & 15.17 of Texas Code of Criminal Procedure, in a deliberate and admitted effort to extract a false confession that is then used against the suspect a trial ?

The appellate court erroneously upheld the trial court's improper admission of the Appellant's statement. The evidence unquestionably established that Houston police detective Brian Harris arrested the Appellant, then admittedly and intentionally failed to present the Appellant to a magistrate in compliance with the Texas Code of Criminal Procedure. The Appellant's videotaped confession is inadmissible because

3

the confession was obtained in violation of Articles 15.16 & 15.17 of the Texas Code of Criminal Procedure. Article 15.16 of the Texas Code provides that upon making an arrest, a suspect shall be taken "without unnecessary delay" before a magistrate so that the magistrate can expeditiously provide the suspect with the Miranda warnings required by article 15.17 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. art. 15.16.

Harris's intentional failure to comply with the statute and present the Appellant before a magistrate—at least one of which was present inside the building where the Appellant was confined—until after three interrogations and 20 hours in custody was calculated to induce the Appellant's confession. Harris's actions in intentionally flouting Texas law to induce a confession rendered the Appellant's confession involuntary.

On April 7, 2009, Simon Truong was shot to death on Bellaire in Houston, Texas (RR Vol. III 36-39, 83-5, 209-10, 214; IV 112). Eventually police received an anonymous tip and as a result suspected the Appellant shot Truong (RR Vol. IV at 123-4). Houston Police detective Brian Harris arrested the Appellant for Truong's death and took him to police headquarters in downtown Houston (RR Vol. IV at 133). Harris put the Appellant in an interview room "[w]ith the intention of taking a statement." (RR Vol. IV at 134). The Appellant denied any involvement in Truong's

4

death.  But after twenty hours and three separate interrogations, the Appellant implicated himself in Truong's murder  (State exhibits ## 84 & 118).

The Appellant is a Vietnamese immigrant and speaks English with a thick accent   (RR Vol. V at 33-4).  Harris admitted that he interrupted the Appellant when he tried to ask questions about his rights and that the Appellant never explicitly waived his rights and agreed to talk to Harris   (RR Vol. IV at 215, 218).   Harris employed a "shock and awe" strategy while interviewing the Appellant to elicit a confession  (RR Vol. IV at 150).  When the Appellant initially refused to incriminate himself, Harris had the Appellant spend the night in jail without any way to post bail (RR Vol. IV at 153, 225).  Harris intentionally did not take the Appellant before a magistrate because it's not his job to take suspects before magistrates  (RR Vol. V at 119).

Harris lied to the Appellant: "I said family, friends, your own friends have all talked and they've all told us what has happened."  (RR Vol. IV at 76).  Harris also showed the Appellant a statement made by the Appellant's friend, but did not let the Appellant read it   (RR Vol. IV at 232).  Harris wanted the Appellant to think his friend had implicated him in the statement him when in fact he had not  (RR Vol. IV at 232; Defense Exhibit # 17).

Some 20 hours after arresting the Appellant, Harris interviewed the Appellant for a third time.  Harris again deliberately chose not to take the Appellant before a magistrate.  Instead, Harris read the Appellant his legal warnings and the Appellant

finally incriminated himself in Truong's murder. (State's Exhibit # 85). Finally, 36 hours after Harris arrested him, the Appellant went before a magistrate. In this case, not only was the delay unreasonable and unnecessary, it was intentionally calculated to induce the Appellant to confess.

Because Harris intentionally violated Texas law by holding the Appellant in custody 20 hours and conducting three separate interrogations in a calculated effort to induce the Appellant's confession, the Appellant's confession was involuntary. The trial court erred in denying the Appellant's motion to suppress his recorded oral statement in violation of Texas Code of Criminal Procedure articles 15.16, 15.17 & 38.22. *See* TEX. CODE CRIM. PROC. art. 15.16, art. 15.17, & art. 38.22, § 3. The court of appeals' holding, that the trial court properly admitted the Appellant's confession because Harris advised him of his *Miranda* rights, fails to address the issue presented. *See Phan v. State,* slip op. at 5.

The court of appeals is wrong. The Appellant's 20-hour detention constituted an "unreasonable delay" under Articles 15.16 & 15.17, which rendered the Appellant's videotaped statement involuntary and inadmissible.

This Court should not condone Harris's behavior and should instead grant discretionary review to determine whether Harris' over-reaching conduct rendered the Appellant's statement involuntary. Texas police officers should not be permitted to willfully, knowingly, and intentionally delay taking a suspect before a magistrate as required by Articles 15.16 & 15.17 of Texas Code of Criminal Procedure, in a

6

deliberate and admitted effort to extract a false confession that is then used against the suspect at trial.

## REASONS FOR REVIEW-GROUND #2

**Does the Appellant's jury argument that his confession was involuntary render the trial court's error of failing to include a voluntariness instruction in the jury's charge harmless?**

The trial court improperly admitted the Appellant's statement. At the trial's conclusion, the trial court failed to instruct the jury to decide whether the Appellant was adequately warned of his rights and knowingly and intelligently waived these rights before the Appellant made his statement as the result of custodial interrogation under Section 7 of Article 38.22 of Texas Code of Criminal Procedure. *See Oursbourn v. State*, 259 S.W.3d 159, 169 (Tex. Crim. App. 2008). Because the Appellant raised the voluntariness issue outside the jury's presence and offered evidence before the jury, thereby the instruction was mandatory under *Oursbourn.* The trial court's failure to give the instruction was error. The court of appeals' holding that this error was harmless because the Appellant argued to the jury that Harris coerced his confession is error. This Court should grant review to determine whether jury argument can render the trial court's failure to properly instruct the jury harmless under *Almanza v. State,* 686 S.W.2d 157 (Tex. Crim. App. 1984) (op. on reh'g).

7

## PRAYER

The appellant respectfully urges this Honorable Court to grant the Appellant's Petition for Discretionary Review.

           _____ /s /_____
KELLY ANN SMITH
Texas Bar No. 00797867

## CERTIFICATE OF COMPLIANCE & SERVICE

Under TEX. R. APP. P. 9.4, 9.5 & 68.11, this certifies that this document contains 4247 words and the undersigned served a copy of this petition on the State of Texas and the State Prosecuting Attorney at the following addresses:

Devon Anderson
Harris County District Attorney
1201 Franklin, Suite 600
Houston, Texas 77002

Lisa C. McMinn
P.O. Box 13046
Capitol Station
Austin, Texas 78711
(512) 463-1660

           _____ /s /_____
KELLY ANN SMITH
Texas Bar No. 00797867
P.O. Box 10752
Houston, TX 77206
281-734-0668



In The

# Fourteenth Court of Appeals

_____

## NO. 14-13-00215-CR

_____

### KHAHN PHAN, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 263rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1225435**

## M E M O R A N D U M   O P I N I O N

Appellant Khahn Phan appeals his conviction for the murder of Simon Truong.  In two issues, appellant challenges (1) the admission of his confession on the grounds that the arresting officer's willful delay prior to bringing him before a magistrate rendered his confession inadmissible under Article 15.17 of the Texas Code of Criminal Procedure; and (2) the trial court's failure to instruct the jury *sua sponte* that if it found appellant's confession involuntary beyond a reasonable

doubt, it could not consider the confession as evidence. We hold that even if the delay between appellant's arrest and magistrate hearing was unreasonable, the trial court did not abuse its discretion in finding that appellant received *Miranda* warnings and admitting his confession. We also conclude that even if a jury instruction on the issue of voluntariness was required, appellant did not suffer egregious harm as a result of the omission. We therefore affirm the trial court's judgment.

## BACKGROUND

Simon Truong was shot and killed outside a bar located on Bellaire Boulevard in Houston, Texas. Sergeant Brian Harris was tasked with investigating the murder. Following his investigation, Sergeant Harris arrested appellant for the offense. Within the first 20 hours after the arrest, Harris met with appellant three times without taking him before a magistrate.

During the initial interrogation, after appellant received the requisite *Miranda*[1] warnings, Harris employed a "shock and awe" strategy in which he lied to appellant about the evidence against him. This effort was designed to elicit a confession. Despite Officer Harris's deceptions, however, appellant denied any involvement in the murder. After the first interrogation, Harris deliberately avoided taking appellant before a magistrate because he wanted appellant to spend the night in jail.

The next morning, Harris met with appellant a second time. Harris did not record this conversation or read appellant *Miranda* warnings. Harris testified that the meeting was not an interrogation and that he merely talked to appellant about his family and about individuals who had provided Harris with statements. Harris

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966); *see also* Tex. Code Crim. Proc. Ann. art. 38.22.

2

also said that appellant would need to initiate contact if he wanted to discuss the case further. Harris then returned appellant to his cell and went directly to his office. On arrival, Harris was informed he had received a message from appellant requesting a meeting.

Later that day, Harris met with appellant a third time. The interrogation was recorded and Harris read appellant the required *Miranda* warnings. Harris testified that he did not utilize any deceitful tactics during this interrogation but instead let appellant do most of the talking. Appellant confessed to the murder of Simon Truong. Finally, approximately 36 hours after his arrest, appellant was taken for a magistrate hearing.

At trial, appellant filed a motion to suppress his confession on two grounds. First, appellant argued that the confession was involuntary. Appellant alleged Sergeant Harris's deceitful behavior during the first two meetings tainted the third encounter and that he never validly waived his rights.[2] Second, appellant alleged that the 36-hour time period between his arrest and magistrate hearing constituted an unreasonable delay under Article 15.17 of the Texas Code of Criminal Procedure and therefore his confession was inadmissible. The trial court ruled that appellant's confession was admissible, finding that the previous encounters did not taint the confession and that it was voluntarily given. In particular, the court found that appellant requested to meet with Harris and received *Miranda* warnings prior to his confession, and that the delay was not unreasonable given that the statute contemplates delays of up to 48 hours before an individual is taken to see a magistrate.

---

[2] Appellant does not renew this argument as a separate issue on appeal.

3

During Sergeant Harris's testimony to the jury, appellant drew attention to Harris's admittedly deceitful statements at the first interrogation and the unrecorded second meeting. Although appellant did not ask the trial court to instruct the jury that it could not consider his confession as evidence if it found the confession was involuntarily given, the trial court nevertheless instructed the jury not to consider any evidence gathered in violation of the "Constitution or laws of the State of Texas, or of the Constitution or laws of the United States . . . ." At closing arguments, appellant alleged that Harris's conduct had manipulated him into confessing at the final interrogation. These arguments proved unsuccessful, however, as the jury found appellant guilty of the murder of Simon Truong.

ANALYSIS

## I.   The Trial Court did not abuse its discretion in admitting appellant's confession.

In his first issue, appellant argues that Sergeant Harris's willful failure to take him before a magistrate in a deliberate attempt to extract a confession rendered the delay between his arrest and magistrate hearing unreasonable under Article 15.17 of the Texas Code of Criminal Procedure. As a result of the unreasonable delay, appellant contends, the trial court erred in admitting his confession. We hold that even if the delay was unreasonable, appellant has not met his burden of demonstrating that the trial court abused its discretion in finding that appellant received *Miranda* warnings and admitting his confession.

### A.   Standard of review

We review for abuse of discretion a trial court's ruling on a motion to suppress a confession as involuntary. *Delao v. State*, 235 S.W.3d 235, 238–39 (Tex. Crim. App. 2007). The trial court is the sole trier of fact and judge of the credibility of the witnesses and the evidence presented at the hearing on the

motion. *Id.* "A trial judge's decision on the admissibility of evidence . . . will not be reversed if it is within the zone of reasonable disagreement." *Tillman v. State*, 354 S.W.3d 425, 435 (Tex. Crim. App. 2011). We "must uphold the trial court's ruling if it is reasonably supported by the record and is correct under any theory of law applicable to the case." *Willover v. State*, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002). This principle holds true even when the trial judge gives the wrong reason for his decision, and is especially true with regard to admission of evidence. *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990).

> **B.** **Any unreasonable delay in taking appellant before a magistrate does not invalidate his otherwise voluntary confession because he was given *Miranda* warnings.**

An arresting officer "shall without unnecessary delay" have the arrested person taken before a magistrate. Tex. Code Crim. Proc. art. 15.17(a). Assuming without deciding that the 36-hour delay in this case was unnecessary and unreasonable, we overrule appellant's first issue because we hold the trial court did not abuse its discretion in admitting his confession.

"The failure to take an arrestee before a magistrate in a timely manner will not invalidate a confession unless there is proof of a causal connection between the delay and the confession." *Cantu v. State*, 842 S.W.2d 667, 680 (Tex. Crim. App. 1992). In this case, the trial court found that appellant was read his *Miranda* rights before the final interrogation and subsequent confession and that the confession was voluntary. "[I]t is well-settled that an unreasonable delay in bringing an arrestee before a magistrate will not invalidate an otherwise voluntary confession if the arrestee was properly advised of his *Miranda* rights prior to making the statement." *Garcia v. State*, 191 S.W.3d 870, 876 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (citation omitted); *see Cantu*, 842 S.W.2d at 680. The

5

testimony of Sergeant Harris summarized above supports the trial court's findings. Accordingly, the trial court did not abuse its discretion in admitting appellant's confession notwithstanding the delay, and we overrule appellant's first issue.

## II. Appellant did not suffer egregious harm as a result of the trial court's failure to instruct the jury on voluntariness.

In his second issue, appellant contends the trial court erred by failing to instruct the jury *sua sponte* that his confession could not be considered as evidence if it was involuntary. We hold that even if the court should have instructed the jury on the issue of voluntariness, appellant did not suffer egregious harm as a result of the omitted instruction because he was able to make the same voluntariness arguments to the jury under the charge the court provided.

### A. Standard of review and applicable law

In resolving a challenge to the jury charge, we first determine whether error exists. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). If we find error, we analyze that error for harm under the applicable standard set out in *Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1984) (op. on reh'g). *See also Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009). If, as here, the defendant did not object to the alleged error at trial, we will reverse only if the error is "so egregious and created such harm that the defendant 'has not had a fair and impartial trial.'" *Id.* (quoting *Almanza*, 686 S.W.2d at 171). "In examining the record to determine whether jury-charge error is egregious, the reviewing court should consider the entirety of the jury charge itself, the evidence, including the contested issues and weight of the probative evidence, the arguments of counsel, and any other relevant information revealed by the record of the trial as a whole." *Stuhler v. State*, 218 S.W.3d 706, 719 (Tex. Crim. App. 2007).

6

Article 36.14 of the Texas Code of Criminal Procedure requires the trial court to deliver a written charge to the jury "distinctly setting forth the law applicable to the case." Tex. Crim. Proc. Code Ann. art. 36.14 (West 2007). Defensive issues may be forfeited if their inclusion in the charge is not requested. *Zamora v. State*, 411 S.W.3d 504, 513 (Tex. Crim. App. 2013). If the trial court undertakes to charge the jury on a defensive issue, that issue is included in the law applicable to the case. *Barrera v. State*, 982 S.W.2d 415, 416 (Tex. Crim. App. 1998). Otherwise, unless "a rule or statute requires an instruction under the particular circumstances," the defendant must timely request a defensive issue or object to its omission from the charge in order for it to be considered the law applicable to the case. *Oursbourn v. State*, 259 S.W.3d 159, 179–80 (Tex. Crim. App. 2008); *see also Williams v. State*, 273 S.W.3d 200, 223 (Tex. Crim. App. 2008) ("[A] party can forfeit the right to complain about the omission of a defensive issue because the defensive issue must be requested before the trial court has a duty to place it in the charge, and so no 'error' occurs absent a request.").

**B.** **Appellant was not egregiously harmed by the absence of a voluntariness instruction because he was able to argue that his confession was involuntary under the court's charge.**

Appellant did not request a jury charge on the issue of voluntariness at trial, and none was given. Appellant nonetheless complains that the trial court had an absolute duty to instruct on voluntariness *sua sponte* under Article 38.22 of the Texas Code of Criminal Procedure. The statute provides that after a judicial determination that a statement was voluntary, evidence on the issue may be submitted to the jury and "it shall be instructed that unless the jury believes beyond a reasonable doubt that the statement was voluntarily made, the jury shall not consider such statement for any purpose nor any evidence obtained as a result thereof." Tex. Crim. Proc. Code Ann. art. 38.22 § 6 (West 2005).

7

The State counters that an appellant must actually litigate the issue of voluntariness at trial to be entitled to a section 6 instruction, and that appellant only raised the issue of voluntariness with regard to his first interrogation, which produced no incriminating statements. *Oursborn*, 259 S.W.3d 159, 176 (Tex. Crim. App. 2008) ("An interpretation of Section 6 that requires some sort of litigation before it becomes law applicable to the case accords not only with the statutory language but also with common sense."). Appellant responds that he raised the issue of voluntariness before the jury and therefore an instruction was mandatory.

Assuming without deciding that the voluntariness of appellant's confession was litigated at trial and that failure to include a section 6 instruction was error, we overrule appellant's second issue because we hold he was not egregiously harmed by the omission. The record establishes that the trial court instructed the jury not to consider any evidence that it believed or had a reasonable doubt was obtained in violation of the state or federal constitutions, or of state or federal law. Although this instruction is certainly more general than the one appellant claims he should have received under section 6 of Article 38.22, in substance, the instruction provided appellant a vehicle to have the jury consider the voluntariness of his confession. Furthermore, appellant's counsel took advantage of this vehicle during his closing argument, contending that appellant's confession had been tainted by the officer's conduct during the first two encounters.

Appellant was thus able to argue that his confession was involuntary and should not be considered as evidence under the jury instructions actually provided by the trial court. Under these circumstances, we conclude appellant was not denied a fair trial. *Almanza*, 686 S.W.2d at 171. Accordingly, we hold appellant

8

was not egregiously harmed by the absence of a voluntariness instruction, and we overrule appellant's second issue.

## CONCLUSION

Having overruled each of appellant's issues, we affirm the trial court's judgment.

/s/           J. Brett Busby
Justice

Panel consists of Justices Boyce, Busby, and Wise.

Do Not Publish — TEX. R. APP. P. 47.2(b).

9