**AFFIRMED; and Opinion Filed July 16, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01432-CR

### AYOUAL AKOUT, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 195th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-12-60792-N**

# MEMORANDUM OPINION

Before Justices Lang, Brown, and Whitehill[1]
Opinion by Justice Lang

This appeal follows a jury conviction and seventy-five year sentence for murder. Relying on article 38.22 of the Texas Code of Criminal Procedure, Ayoual Akout asserts in two issues that the trial court reversibly erred in admitting into evidence a video recording of his custodial confession and in failing to instruct the jury on the voluntariness of that confession. We affirm the trial court's judgment.

## I. BACKGROUND

---

[1] The Honorable Justice Bill Whitehill succeeded the Honorable Kerry FitzGerald, a member of the original panel. Justice Whitehill has reviewed the briefs and record before the Court.

Akout was charged with murdering Qassim Nur, an acquaintance who had injured Akout during an earlier fight. Akout did not dispute at trial that he killed Nur. The uncontradicted testimony showed that immediately after killing Nur, Akout told another acquaintance what he had done, called 9-1-1 to turn himself in, and led the responding officers to Nur's body. Akout disputed, however, testimony from the State's witnesses that he admitted killing Nur in retaliation for the injuries Nur caused during the earlier fight. Testifying as the sole witness in his defense, Akout stated he did not understand why Nur had hit him and went to ask Nur about that after receiving treatment at a local hospital for his injuries. Nur responded by saying, "I'm going to beat you like an animal" and started hitting Akout. Akout testified he was concerned for his safety, grabbed a nearby "piece of wood," and hit Nur three times.

Seeking to discredit Akout's self-defense theory, the State called in rebuttal the detective assigned to investigate the murder. This detective interviewed Akout about four hours after the killing, and the interview was recorded. Following the detective's testimony that he gave Akout the Miranda warnings[2] and Akout understood the warnings, defense counsel asked for a hearing outside the jury's presence to determine whether Akout's statements to the detective were voluntary. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22, § 6 (West Supp. 2014). At this hearing, the detective testified that, from talking to Akout, he "could tell [Akout] had been drinking," but "seemed . . . able to make good decisions." A portion of the recorded interview was then played showing Akout asking the detective repeatedly whether Nur was dead, complaining Nur "disrespected" him by hitting and injuring him, and, at times, mumbling to himself. Based on Akout's actions during the interview and the detective's testimony that Akout had been drinking, defense counsel argued Akout was intoxicated and "not of sound mind" at the time of the

---

[2] *See Miranda v. Arizona*, 384 U.S. 436 (1966); *see also* TEX. CODE CRIM. PROC. ANN. art. 38.22, §§ 2(a), 3(a)(2) (West Supp. 2014); *Oursbourn v. State*, 259 S.W.3d 159, 172 (Tex. Crim. App. 2008) (recognizing that article 38.22, sections 2 and 3 incorporate the *Miranda* requirements).

interrogation, and his statements to the detective could not have been voluntary. The trial court disagreed with defense counsel's arguments, found the recording admissible for impeachment purposes in accordance with section 5 of article 38.22 of the Texas Code of Criminal Procedure, and admitted the recording into evidence. *See id.* art. 38.22, § 5. The State then published portions of the recording to the jury, including a portion where Akout told the detective he killed Nur because of the fight they had earlier and the injuries he received. Asked whether Akout "ever" told him that he killed Nur because Nur had "attack[ed] him . . . pushed him down or anything like that," the detective responded Akout had not.

The jury was instructed on self-defense, but no request was made for a voluntariness instruction and none was given.

## II. ARTICLE 38.22

Akout's two issues stem from defense counsel's contention at the voluntariness hearing that Akout was intoxicated and "not of sound mind." Akout argues that his intoxication and state of mind at the time of the interrogation rendered his recorded statements to the detective involuntary and therefore, inadmissible under section 5 of article 38.22. Further, Akout argues his intoxication and state of mind entitled him, pursuant to section 6 of article 38.22, to a voluntariness instruction in the court's charge to the jury. Akout contends the trial court's error in admitting the recording and in failing to properly instruct the jury resulted in harm requiring reversal of the trial court's judgment.

### A. Applicable Law

Under section 5 of article 38.22 of the Texas Code of Criminal Procedure, any voluntary statement by the defendant "hav[ing] a bearing upon the [defendant's] credibility . . . . as a witness" is admissible at trial. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22, § 5. If an issue of voluntariness is raised, that is, if a party notifies the trial court an issue exists as to the

voluntariness of a statement, or if the trial court raises an issue on its own, the trial court is required to conduct a hearing, outside the jury's presence, to determine whether the defendant was capable of making an independent, informed decision to confess. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22, § 6; *Oursbourn v. State*, 259 S.W.3d 159, 175 (Tex. Crim. App. 2008); *Jones v. State*, 944 S.W.2d 642, 651 (Tex. Crim. App. 1996). If the trial court determines the statement was voluntarily made and the statement is admitted into evidence, the defendant may offer evidence before the jury suggesting the confession was in fact not voluntary. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22, § 6; *Oursbourn*, 259 S.W.3d at 175. If such evidence is offered, the trial court must instruct the jury that, unless it "believes beyond a reasonable doubt that the statement was voluntarily made, [it] shall not consider such statement for any purpose[.]" *See* TEX. CODE CRIM. PROC. ANN. art. 38.22, § 6; *Oursbourn*, 259 S.W.3d at 175. A claim that a statement was involuntarily made may be predicated on police overreaching, youth, threats, intoxication, illness, medication, or mental incapacitation. *See Oursbourn*, 259 S.W.3d at 172-73.

### B. Standard of Review

An appellate court reviews a trial court's ruling as to the admissibility and voluntariness of a statement for abuse of discretion. *See Delao v. State*, 235 S.W.3d 235, 238 (Tex. Crim. App. 2007). In conducting this review, the appellate court must examine the totality of the circumstances and will reverse the ruling only if the trial court acted arbitrarily or unreasonably, without reference to any guiding rules or principles. *See Delao*, 235 S.W.3d at 238; *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990).

Review of jury charge error begins with a determination of whether the charge contained any error. *Sakil v. State*, 287 S.W.3d 23, 25 (Tex. Crim. App. 2009). If the appellate court determines error occurred, the court must then determine whether sufficient harm resulted from

the error. The degree of harm necessary for reversal is determined based on whether error was properly preserved at trial by objection or request for instruction. *See Hutch v. State*, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996). When, as here, no objection or request was made, reversal is required "'only if the error is so egregious and created such harm' that the defendant did not have a fair and impartial trial." *Sakil*, 287 S.W.3d at 25 (quoting *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985)).

## C. Application of Law to Facts

Disposition of Akout's two issues turns on whether evidence was presented showing the statement he made to the detective were not voluntary. *See Oursbourn*, 259 S.W.3d at 175; *Miller*, 666 S.W.2d at 274. In arguing these issues, Akout correctly observes that, before the detective testified in rebuttal that Akout had been drinking, other witnesses had testified that Akout had been drinking "all day," was found holding a can of beer by the officers who responded to the 9-1-1 call, and appeared to those officers to "maybe" have been intoxicated. Also, Akout correctly observes the video recording of him being transported to the police station shows him "rant[ing] and rambl[ing]" at times, and the recording of the interview shows him asking to use the restroom, asking for coffee, and when the detective was out of the room, mumbling to himself and falling asleep in his chair. Akout argues these "occurrence[s]" are "common" with individuals who have been drinking and "indicat[e]" he "lacked the 'normal use of mental or physical faculties.'" Further, Akout contends his comments and behavior during the interview "clearly reflect a person who is suffering from some form of paranoia, persecution complex, or delusions."[3] Finally, relying on his trial testimony that he is a refugee from Sudan and that he never saw his mother after she was detained by Sudanese police, he argues that "[i]t

---

[3] Akout notes also that the trial court ordered a competency evaluation of him prior to trial and was aware he had a "history of mental health issues."

is not far-fetched to conclude that [he], due to his background, was pre-disposed to comply with the demands of those in authority over him because he did not know he could refuse to do so." However, in making his arguments, Akout cites to no evidence in the record showing these facts rendered him incapable of giving a voluntary statement. In fact, no witness, not even Akout himself, testified he lacked an understanding of what he had done, of his rights, or of the significance of waiving those rights and giving a statement.

Examining the totality of the circumstances, we conclude no evidence showed Akout lacked the ability to make an independent, informed decision to confess. *See*, *e.g.*, *Jones*, 944 S.W.2d at 651 (no abuse in admitting confession where, although appellant stated he had been drinking alcohol and was too drunk to understand at the time of his arrest, officers testified appellant did not appear intoxicated and appellant made no further showing that his alleged intoxication rendered him incapable of making a voluntary decision to confess); *Pena v. State*, 832 S.W.2d 697, 700 (Tex. App.—Corpus Christi 1992, pet. ref'd) (no error in failing to suppress statements where record failed to show how appellant's cocaine intake rendered him incapable of making independent and informed decision to confess); *see also Reed v. State*, 59 S.W.3d 278, 281 (Tex. App.—Fort Worth 2001, pet. ref'd) (no error in excluding medical records showing ongoing use of antidepressants and psychiatric diagnosis of appellant's mental state at certain times before and after confession where no expert witness presented to link information contained in records to issue of whether confession voluntary). Accordingly, we conclude the trial court did not abuse its discretion in admitting the video recording of his statement and did not err in failing to instruct the jury on voluntariness. *Cf. Oursbourn*, 259 S.W.3d at 181 (error in failing to instruct jury in accordance with section six where record reflected appellant consistently claimed he was bipolar or in depressed or manic state, appellant's mother testified appellant was in manic state before and after arrest, and psychologist who

examined appellant prior to trial observed appellant manifested "bipolar" symptoms during custodial interrogation).  We decide Akout's two issues against him.

### III. CONCLUSION

Having decided Akout's issues against him, we affirm the trial court's judgment.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
131432F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

AYOUAL AKOUT, Appellant

No. 05-13-01432-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-12-60792-N.
Opinion delivered by Justice Lang. Justices Brown and Whitehill participating.

Based on the Court's opinion of this date, we **AFFIRM** the trial court's judgment.


Judgment entered this 16th day of July, 2015.