

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-22-00257-CR

---

**CARLOS RODRIQUEZ, APPELLANT**

V.

**THE STATE OF TEXAS, APPELLEE**

---

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. 2019-416, 470, Honorable Douglas H. Freitag, Presiding

---

July 24, 2023

## MEMORANDUM OPINION

### Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant, Carlos Rodriquez, appeals his conviction for murder in the first degree.[1] By a sole issue, he contends his motion to suppress his confession should have been granted by the trial court. We affirm.

---

[1] *See* TEX. PENAL CODE ANN. § 19.02(b)(1).

**BACKGROUND**

On November 18, 2013, Appellant messaged Zoe Campos through Facebook asking her if she wished to join him to smoke marijuana. Campos accepted his invitation and was never heard from again. A few days later, a witness saw Campos's car being driven by a stranger. When the police opened the trunk, they discovered Campos's leather jacket which contained traces of Appellant's DNA. Investigators interrogated Appellant twice in 2013, and, in both instances, he claimed Campos left his home after smoking marijuana. The police presumed Campos to be dead at this point.

New detectives were assigned to Campos's case in 2017. They decided Appellant had not been cleared as a suspect. By this time, he was incarcerated in the county jail for an unrelated crime. On December 5, 2017, the detectives interviewed Appellant. During the interview, he stated he wished to consult an attorney and the interview was terminated.[2]

In July 2018, the detectives interviewed an informant who told them Appellant confessed to murdering Campos. The informant also told detectives he buried Campos's body in the backyard of the house he lived in at the time. On November 7, 2018, the detectives interviewed Appellant again based on the information provided by the informant. He refused to speak and requested an attorney, and the interview was terminated.

---

[2] We note that at some point during the interrogation Appellant stated, "I don't want to tell my side without legal advice." Despite invoking his right to counsel, detectives continued to interrogate Appellant for more than an hour until he stated specifically, he wished to speak to an attorney. However, Appellant did not move to suppress any inculpatory information provided in the December 5, 2017 interrogation, and he has not raised any issue regarding the interrogation in this appeal.

On November 16, 2018, Appellant sent a message on a county jail complaint form stating, "I need to talk to [the detectives] on the Zoe Campos Case today." The detectives met Appellant at the jail and gave him *Miranda* warnings, after which he voluntarily waived his rights. This time he confessed he murdered Campos and buried her at his home in 2013. During the interrogation, Appellant volunteered to help recover Campos's body, and the detectives took him to his former residence so he could show them where he buried her. After visiting the scene of the crime, detectives brought Appellant back to their offices for additional questioning. Once again, the detectives gave Appellant *Miranda* warnings, and once again he voluntarily waived his rights. Appellant gave additional details of the crime to the detectives, including how he disposed of the personal effects of Campos, her vehicle, and how he buried the body.

Appellant was charged with the murder of Zoe Campos after his confession. After appointment of counsel, Appellant filed a motion to suppress his confession, which the trial court denied ten days before the start of the trial. At trial, Appellant entered an open plea of guilty and submitted the question of punishment to the jury. The jury sentenced Appellant to life in prison. This appeal followed.

## APPLICABLE LAW

When an accused person invokes his right to counsel during a police interrogation, resuming the interrogation without the presence of counsel constitutes a violation of the accused's Fifth Amendment rights. *Edwards v. Arizona*, 451 U.S. 477, 485, 101 S. Ct. 1880, 1885 (1981); *see also Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602 (1966). The only exception is if the "accused himself initiates further communication, exchanges,

3

or conversations with the police." *Edwards*, 451 U.S. at 485. In addition, if there is a break in the interrogation and the accused is released from the interrogators' custody, the invocation of the right to counsel expires after fourteen days, and the police may then re-interrogate the accused without the presence of counsel. *Maryland v. Shatzer*, 559 U.S. 98, 110–11, 130 S. Ct. 1213, 1223 (2010). The *Shatzer* fourteen-day safe harbor also applies in the case of an accused who is incarcerated at the time of interrogation so long as he is released back to his prison cell and his "normal" prison routine. *Id.*

The State has the burden of showing a defendant knowingly, intelligently, and voluntarily waived his *Miranda* rights. *Joseph v. State*, 309 S.W.3d 20, 24 (Tex. Crim. App. 2010) (citations omitted). The State must prove waiver by a preponderance of the evidence. *Id.* Statements of an accused if made freely and voluntarily without compulsion or persuasion may be used against him. *Chappell v. State*, Nos. 07-17-00151-CR, 07-17-00299-CR, 2018 Tex. App. LEXIS 882, at *1 (Tex. App.—Amarillo Jan. 31, 2018, pet. ref'd) (mem. op.) (citing *Delao v. State*, 235 S.W.3d 235, 239 (Tex. Crim. App. 2007)). We examine the totality of the circumstances to determine whether the statements made are without compulsion or persuasion. *Chappell*, Nos. 07-17-00151-CR, 07-17-00299-CR, 2018 Tex. App. LEXIS 882, at *1 (citing *Delao*, 235 S.W.3d at 239; *Hernandez v. State*, 421 S.W.3d 712, 717 (Tex. App.—Amarillo 2014, pet. ref'd)). If those circumstances reveal that the "speaker's will [was] overborne and [his] capacity for self-determination was critically impaired," then his statement is involuntary and inadmissible. *Chappell*, Nos. 07-17-00151-CR, 07-17-00299-CR, 2018 Tex. App. LEXIS 882, at *1 (citing *Hernandez*, 421 S.W.3d at 717). The totality of the circumstances includes both the characteristics of the defendant and the details of the interrogation. *Id.*

4

We review a trial court's ruling on the admissibility of evidence for an abuse of discretion. *Ballard v. State*, No. 07-16-00333-CR, 2017 Tex. App. LEXIS 11719, at *6 (Tex. App.—Amarillo Dec. 15, 2017, pet. ref'd) (mem. op.) (citing *Carrasco v. State*, 154 S.W.3d 127, 129 (Tex. Crim. App. 2005)). We will uphold the trial court's ruling if it is reasonably supported by the record and is correct under any theory of law applicable to the case. *Ballard*, No. 07-16-00333-CR, 2017 Tex. App. LEXIS 11719, at *6. We must review the trial court's ruling in light of what was before the trial court at the time the ruling was made. *Id.*

## ANALYSIS

### Appellant Did Not Waive Error

As a preliminary matter, the State contends, although Appellant filed a motion to suppress his confession and obtained an adverse pretrial ruling, Appellant nonetheless waived his complaint by failing to object to the introduction of his confession during the punishment phase of the trial. We disagree. The facts in this matter mirror the facts of *Thomas v. State*, 408 S.W.3d 877, 886 (Tex. Crim. App. 2013). In *Thomas*, the Texas Court of Criminal Appeals declared whether the utterance of "no objection" waives an evidentiary issue previously preserved is context dependent and determined by the following test:

> If the record as a whole plainly demonstrates that the defendant did not intend, nor did the trial court construe, his "no objection" statement to constitute an abandonment of a claim of error that he had earlier preserved for appeal, then the appellate court should not regard the claim as "waived," but should resolve it on the merits.

5

*Thomas*, 408 S.W.3d at 885. Here, as in *Thomas*, Appellant's "no objection" was made during the punishment phase of his trial. At the end of the trial, Appellant's counsel informed the trial court other appellate counsel would be appointed, and advised the court, "And I can tell you specifically I know the issue in the pretrial matter will certainly be involved in that . . . but I know for a fact that the ruling on [the motion to suppress] will go up." The trial court responded to Appellant's counsel with, "Understood. Yes, sir, and we will get notice out to get appellate counsel appointed." It does not appear Appellant intended, nor did the trial court construe, his "no objection" statement to waive or abandon his claim of error, and we find Appellant properly preserved his complaint for appeal.

### No Violation of Miranda Right to Counsel

The parties do not dispute the facts of this case. Appellant argues, because he invoked his right to counsel in the December 5, 2017 interrogation and the November 7, 2018 interrogation, an attorney should have been provided and present for his confession on November 16, 2018 under *Edwards*. *Supra*. Appellant also argues he did not knowingly, intelligently, and voluntarily waive his *Miranda* rights.

Addressing his *Miranda* right to counsel, Appellant was interrogated on December 5, 2017, during which he requested counsel, and the interrogation was halted. Detectives' next interrogation of Appellant occurred eleven months later on November 7, 2018; again Appellant invoked his right to counsel, and again detectives halted the interrogation. Before beginning questioning in both interrogations, the detectives admonished Appellant of his *Miranda* rights. Under *Shatzer*, because more than fourteen days passed between the invocation of counsel in the December 5, 2017 interrogation and the November 7,

6

2018 interrogation, the *Edwards* requirement for presence of counsel did not apply to the November 7 interrogation. However, the subsequent interrogation on November 16, 2018, was less than fourteen days after Appellant's invocation of counsel on November 7, and therefore the *Shatzer* safe harbor did not apply. Nevertheless, the November 16, 2018 interrogation did not require the presence of counsel under *Edwards* because Appellant, not the detectives, initiated the "further communication, exchanges, or conversations with the police" by requesting to speak to them using the county jail complaint form. We find no violation of Appellant's Fifth Amendment right to counsel.

With regard to whether Appellant knowingly, intelligently, and voluntarily waived his *Miranda* rights, a review of the record demonstrates he had an appreciation of his rights and nonetheless chose to waive them. By the time detectives interrogated him, Appellant had a series of criminal convictions in which he had been appointed counsel several times, so he was familiar with attorney representation. Appellant was also interrogated several times, and each time the interrogation ceased when he requested an attorney. He knew he could stop any interrogation with the request for an attorney to be present, including the interrogations in which he confessed to the murder of Zoe Campos. Appellant made two confessions: the first in an audio recording made immediately after he initiated contact with detectives through the prison complaint form; and the second in a video recording made after assisting detectives with locating Campos's body. Both times, before taking his statement, detectives gave Appellant *Miranda* warnings, and both times Appellant affirmatively waived his rights without hesitation before speaking to them. During his video recorded confession, after receiving his *Miranda* warning and waiving his rights, Appellant nervously laughed and said,

7

"Listening to that is scary, because everything about that, reading that or listening to that, says '**don't talk**.'" And, yet, despite his clear understanding of the proscription suggested by the *Miranda* warnings, Appellant chose to continue to talk to detectives without the assistance of counsel. Under these circumstances, we find Appellant knowingly, intelligently, and voluntarily waived his *Miranda* rights. We overrule Appellant's sole issue.

## CONCLUSION

From our review of the record, we do not find the trial court abused its discretion in denying Appellant's motion to suppress his confession. The trial court's judgment is affirmed.

Alex L. Yarbrough
Justice

Do not publish.