# NO. 12-24-00072-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *FRANKLIN LOVON HARRIS, APPELLANT* | § | *APPEAL FROM THE 369TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS, APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Franklin Lovon Harris appeals his conviction for continuous sexual abuse of a child under the age of fourteen. In his sole issue, he contends that the trial court abused its discretion when it denied his motion to suppress evidence. We affirm.

## BACKGROUND

Appellant was indicted for the offense of continuous sexual abuse of a child under the age of fourteen.[1] Appellant filed a pretrial motion to suppress his interview on the ground that it was involuntarily given because he suffered from extremely low intelligence. He based this argument on the fact that he was later found to be incompetent to stand trial. Appellant's competency to stand trial was thereafter restored.

After a hearing, the trial court denied Appellant's motion to suppress. Appellant subsequently pleaded "not guilty," and the matter proceeded to a jury trial, who found him "guilty" of the offense. After a hearing on punishment, the jury sentenced Appellant to fifty years of imprisonment. This appeal followed.

---

[1] *See* TEX. PENAL CODE ANN. § 21.02 (West Supp. 2023).

In his sole issue, Appellant contends that the trial court abused its discretion when it denied his motion to suppress his confession, because his consent to make the statement was involuntary.

**Standard of review**

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review. *Hubert v. State*, 312 S.W.3d 554, 559 (Tex. Crim. App. 2010); *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). A trial court's decision to grant or deny a motion to suppress is generally reviewed under an abuse of discretion standard. *Shepherd v. State*, 273 S.W.3d 681, 684 (Tex. Crim. App. 2008). We give almost total deference to a trial court's determination of historical facts, especially if those determinations turn on witness credibility or demeanor, and we review de novo the trial court's application of the law to facts not based on an evaluation of credibility and demeanor. *Neal v. State*, 256 S.W.3d 264, 281 (Tex. Crim. App. 2008). When ruling on a motion to suppress evidence, the trial court is the exclusive trier of fact and judge of the witnesses' credibility. *See Maxwell v. State*, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002). Accordingly, a trial court may choose to believe or disbelieve all or any part of a witness's testimony. *See State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000).

The reviewing appellate court affords the same amount of deference to a trial court's ruling on mixed questions of law and fact if the resolution of those questions turns on an evaluation of credibility and demeanor. *See Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). The prevailing party is entitled to "the strongest legitimate view of the evidence and all reasonable inferences that may be drawn from that evidence." *State v. Castleberry*, 332 S.W.3d 460, 465 (Tex. Crim. App. 2011). If the trial judge's decision is correct under any theory of law applicable to the case, the decision will be sustained. *Ross*, 32 S.W.3d at 855–56.

**Applicable Law**

The State has the burden of showing, by a preponderance of the evidence, that a defendant knowingly, intelligently, and voluntarily waived his rights. *Leza v. State*, 351 S.W.3d 344, 349 (Tex. Crim. App. 2011). Voluntariness is determined by looking at the totality of the circumstances. *See Griffin v. State*, 765 S.W.2d 422, 427 (Tex. Crim. App. 1989). The totality of the circumstances includes the accused's experience, background, and conduct. *Id.* It also includes the characteristics of the accused. *Davis v. State*, 313 S.W.3d 317, 337 (Tex. Crim. App. 2010) (citing *Schneckloth v. Bustamonte*, 412 U.S. 218, 225–26, 93 S. Ct. 2041, 2047, 36 L. Ed. 2d 854

(1973)). Consistent with our standard of review in motion to suppress cases generally, we review the trial court's determination of alleged *Miranda* violations almost wholly deferring to the trial court on questions of historical fact and credibility, but reviewing de novo all questions of law and mixed questions of law and fact that do not turn on credibility determinations. *Id.*

There are three theories by which a defendant may claim that his statement was involuntary and thus may not be used against him: (1) failure to comply with Article 38.22; (2) failure to comply with *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966); or (3) a violation of due process. *See Oursbourn v. State*, 259 S.W.3d 159, 169–72 (Tex. Crim. App. 2008). Under the second and third theories, a confession is involuntary "only when there is police overreaching." *Id.* at 169. Absent police misconduct causally related to the confession, there is no deprivation of due process of law by a state actor and therefore no violation of the Due Process Clause. *Id.* at 170. Likewise, *Miranda* protects against government coercion to surrender Fifth Amendment rights. *Id.* Thus, due process claims and *Miranda* claims of involuntariness involve an objective assessment of police behavior. *Id.* at 171.

Claims of involuntariness based on the defendant's state of mind are "to be resolved by state laws governing the admission of evidence." *Id.* at 171. That state law in Texas is the Texas Code of Criminal Procedure Article 38.22, the Texas Confession Statute. *Id.* Although claims of involuntariness under the Texas Confession Statute may be based on police overreaching, they may also be based on the defendant's state of mind. *Id.* at 172. Whether a suspect voluntarily waived the rights set out in Article 38.22 Sections (2) or (3) does not turn solely on the behavior of the police. *Id.* The Texas Court of Criminal Appeals has held that youth, intoxication, intellectual disability, and other disabilities are usually not enough, by themselves, to render a statement inadmissible under Article 38.22, but they are factors for the factfinder to consider. *Id.* at 173.

The voluntariness of a confession given by a mentally ill person is assessed under the same standard of review, the totality of the circumstances, as that used for a person who is not mentally ill. *Delao v. State,* 235 S.W.3d 235, 241 (Tex. Crim. App. 2007). Whether the accused is mentally ill is but one characteristic among many to consider when evaluating the voluntariness of a confession. *Id.* at 239–40 (stating that juveniles and individuals suffering from mental retardation or mental illness share many of the same characteristics). A confession is involuntary if the totality of the circumstances demonstrates that the confessor did not make the decision to confess of his

3

own free will. ***Vasquez v. State***, 179 S.W.3d 646, 655 (Tex. App.—Austin 2005), *aff'd*, 225 S.W.3d 541 (Tex. Crim. App. 2007).

**Discussion**

Appellant's claim of involuntariness is based on his alleged state of mind at the time he waived his rights and made the statement, which consequently falls under Texas Code of Criminal Procedure Article 38.22. *See **Oursbourn***, 259 S.W.3d at 171.

The issuance of the ***Miranda*** warnings and Appellant's confession were conducted on August 29, 2019. Dr. Timothy Proctor completed a report concerning Appellant's competency on April 7, 2021. Dr. Proctor recommended that Appellant was incompetent at that time to stand trial due to his low intelligence. It is undisputed that Appellant was later found to be incompetent. However, at the motion to suppress hearing, other than Appellant's testimony that he did not understand the warnings when they were given, there was no expert testimony or evidence Appellant was incompetent at the time the interview was conducted. Moreover, Appellant's competency to stand trial has since been restored. During the hearing, the trial court listened to the recorded video of the ***Miranda*** warnings and Appellant's reaction to the warnings. The trial court ultimately denied Appellant's motion to suppress.

The trial court's determination was a matter that depended on Appellant's credibility. *See **Delao***, 235 S.W.3d at 238-39. It may believe all, some, or none of his testimony. *See **Ross***, 32 S.W.3d at 855. Furthermore, the videotaped statement is also evidence of Appellant's state of mind at that time. The trial court viewed the video and from it was able to assess Appellant's state of mind. "The subsequent finding of incompetency is a relevant factor to determining whether appellant's waiver was voluntary but it is not conclusive." ***Umana v. State***, 447 S.W.3d 346, 357 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd); *see also **Oursbourn***, 259 S.W.3d at 173.

Applying the appropriately deferential standard of review, we conclude the totality of the circumstances demonstrates, by a preponderance of the evidence, Appellant's waiver of his rights was voluntarily made with full awareness of the nature of those rights and the consequences of waiving them. *See **Edwards v. State***, 691 S.W.3d 703, 719–20 (Tex. App.—Houston [14th Dist.] 2024, no pet.) (holding trial court did not abuse discretion in finding defendant voluntarily waived ***Miranda*** and Article 38.22 rights in making confession when, as in present case, defendant was subsequently found incompetent to stand trial); ***Umana***, 447 S.W.3d 346, 357-58 (same). Accordingly, we conclude that the trial court did not abuse its discretion in denying Appellant's

claims in his motion to suppress that his statement was involuntary. *See **Oursbourn***, 259 S.W.3d at 171.

Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, the judgment of the trial court is ***affirmed***.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered August 29, 2024.
*Panel consisted of Worthen, C.J, Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 29, 2024**

**NO. 12-24-00072-CR**

**FRANKLIN LOVON HARRIS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 369th District Court

of Anderson County, Texas (Tr.Ct.No. 369CR-19-34398)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J, Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*